# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

ABDUL SHARIFF, DIVINE ALLAH and JAMES WEST, Individually and on Behalf of All Other Persons Similarly Situated,

                            Plaintiffs,

-vs-

GLENN S. GOORD, WILLIAM PHILLIPS, J. PETER GREGOIRE, M.D., STEPHEN BERNARDI, LESTER N. WRIGHT, MPH, BRIAN S. FISHER, ROBERT RAYMOND, JOHN H. NUTTALL, THOMAS G. EAGEN, THOMAS M. POOLE, LAWRENCE WEINGARTNER, SHERYL ZENZEN, DANIEL WEINSTOCK, MENALLY, WINEGARDNER, NAPOLI RITCHIE-CARTER, LAWRENCE SEARS, JOHN R. DEMARS, GLEN CHAMPAGNE, M.D., LORI MANTORY, MICHAEL GIAMBRUNO, GERALD ELMORE, HABIB SHIEKY, M.D., DAVE UNGER, JIM LINDSAY, SHERRY MONTANARI, ROBINSON, R.N., JAMES CONWAY, SANDRA DOLCE, RICHARD APPS, ROBERT ERCOLE, ROBERT CUNNINGHAM, DELORES THORNTON, FREDERICK BERNSTEIN, TOTTEN, KAISER, ROBERT K. WOODS, MARIA B. TIRONE, EVELYN WEISSMANN, THE NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES, CHARLES DEVANE, PIPPEN, R.N., and MOHRNING,

DECISION & ORDER

05-CV-6504 CJS-JWF

                            Defendants.

## APPEARANCES

| | |
|---|---|
| For Plaintiff: | David L. Cook, Esq.<br>Nixon Peabody LLP<br>Clinton Square<br>P.O. Box 31051<br>Rochester, NY 14603<br>(585) 238-2012 |
| | Jared Kimball Cook, Esq.<br>Adams Bell Adams, P.C.<br>28 East Main Street, Suite 600<br>Rochester, NY 14614<br>(585) 232-6900 |
| For Defendants: | Gary M. Levine, A.A.G.<br>New York State Office of the Attorney General<br>144 Exchange Boulevard, Suite 200<br>Rochester, NY 14614<br>(585) 327-3223 |

## INTRODUCTION

**Siragusa, J.** During a status conference held on January 24, 2019, the Court advised the parties that if this matter was not settled in mediation, it would address Plaintiffs' motion to certify the class. Since the matter was not settled, the Court now addresses Plaintiffs' motion filed on March 30, 2009, ECF No. 172, for class certification. For the reasons stated below, the application is granted.

## BACKGROUND

According to the complaint,[1] the three named plaintiffs (Abdul Shariff, Divine Allah and James West) are New York State Department of Correctional and Community

---

[1] The Court will refer to the third amended complaint, filed on May 29, 2007, ECF No. 84, as "the Complaint" in this Decision and Order.

Supervision ("DOCCS")[2] inmates who are, or have been, incarcerated in one or more of the correctional facilities under DOCCS's control, and who are partially paralyzed and need wheelchairs for mobility. Compl. ¶¶ 13–16. Plaintiffs claim that DOCCS' correctional facilities, or parts of them, are inaccessible to them.

## STANDARD OF LAW

Plaintiffs have moved for class certification pursuant to Federal Rule of Civil Procedure 23, subparagraphs (a) and (b)(2), which state:

> (a) Prerequisites. One or more members of a class may sue or be sued as representative parties on behalf of all members only if:
>
>> (1) the class is so numerous that joinder of all members is impracticable;
>>
>> (2) there are questions of law or fact common to the class;
>>
>> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>>
>> (4) the representative parties will fairly and adequately protect the interests of the class.
>
> (b) Types of Class Actions. A class action may be maintained if Rule 23(a) is satisfied and if:…
>
>> (2) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole….

Fed. R. Civ. P. 23(a) and (b)(2) (2009). The party seeking class certification has the burden

---

[2] This lawsuit was filed at a time when the Department was known as the Department of Corrections ("DOCS") and the Complaint refers to it as such. The Court will use its current name in this decision. Further, pursuant to Federal Rule of Civil Procedure 25, the Court will substitute the current custodian of prisoners, the New York State Department of Correctional and Community Services, for the former entity, the New York State Department of Correctional Services.

of demonstrating that Rule 23's requirements are satisfied. *Caridad v. Metro-North Commuter Railroad*, 191 F.3d 283, 291 (2d Cir. 1999) (citation omitted), *cert. denied*, 529 U.S. 1107 (2000); *see also*, 5 James Wm. Moore et al., MOORE'S FEDERAL PRACTICE § 23.60[2] ("[A] class action must satisfy each of the requirements of Rule 23, and the plaintiff must plead more than a simple reiteration of those requirements in conclusory allegations. Instead, the plaintiff should allege facts demonstrating that all of the requirements for bringing a class action are fulfilled.") (citation omitted). It is well settled that before certifying a class, a district court must conduct a "rigorous analysis" to determine whether or not Rule 23's requirements have been met.[3] *Caridad v. Metro-North Commuter Railroad*, 191 F.3d at 291. However, a court should not inquire into the merits of the plaintiffs' underlying claims. *Id.* (citation omitted). Moreover, courts are required to construe Rule 23's requirements liberally. *Eisen v. Carlisle & Jacquelin*, 391 F.2d 555, 563 (2d Cir. 1968). Courts should resolve doubts about whether Rule 23 has been satisfied in

---

[3] Neither Rule 23, nor the vast majority of cases interpreting it identifies a particular burden of proof on the plaintiff. *See, e.g., Shepherd v. Babcock & Wilcox of Ohio*, No. C-3-98-391, 2000 U.S. Dist. Lexis 6349, 2000 WL 987830 at *1 n. 5 (S.D. Ohio, Mar. 3, 2000) ("Although many…reported decisions state that the party seeking certification carries this burden, research has found only one reported case which defines that burden, whether as being the preponderance of evidence or otherwise."). According to a leading treatise on the subject of class actions, that is because "[b]urden of proof concepts are generally more applicable to proof of facts or evidence and do not comfortably fit in determinations respecting whether a particular procedural device has been properly invoked or should be permitted to be maintained." 2 Herbert B. Newberg & Alba Conte, Newberg on Class Actions § 7.17 (3d ed. 1992). The Newberg treatise further indicates that the plaintiff's burden under Rule 23 is merely a burden to plead facts indicating that Rule 23 is satisfied, which then creates a rebuttable presumption in favor of class certification. *Id*. at §§ 7.19-7.20. If the defendant rebuts this presumption by producing contrary evidence, the burden of production then shifts back to the plaintiff to produce counter-affidavits or other evidence. *Id*. at § 7.26 The Court must then exercise its discretion to determine whether class certification is appropriate. *Id*. at § 7.27

favor of certification. *In re Industrial Diamonds Litigation*, 167 F.R.D. 374, 378 (S.D.N.Y. 1996) (citations omitted).

## DISCUSSION

*Timeliness of the motion to certify the class*

First, Defendants contend that Plaintiffs' motion is untimely. The Court disagrees. Federal Rule of Civil Procedure 23 states on this issue as follows: "At an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action." Fed. R. Civ. P. 23(c)(1)(A) (2009). The Court's Local Rule 23 states, in pertinent part, as follows:

> (c) Within sixty days after issue having been joined in any class action, counsel for the parties shall meet with a District Judge or Magistrate Judge and a scheduling order shall issue providing for orderly discovery; such order *may* initially limit discovery only as to facts relevant to the certification of the alleged class.
>
> (d) Within 120 days after the filing of a pleading alleging a class action, unless this period is extended on motion for good cause filed prior to the expiration of said 120-day period *or in the scheduling order*, the party seeking class certification shall move for a determination under Federal Rule of Civil Procedure 23(c)(1) as to whether the case is to be maintained as a class action.

W.D.N.Y. Loc. R. Civ. P. 23(c) & (d) (2003) (emphasis added). Neither the applicable Federal nor the Local Rule sets a date earlier than 120 days after the pleading filed alleging a class action, or as fixed in the scheduling order. In this case, the first scheduling order to mention certification of a class action was the one docketed on October 8, 2008, which states in pertinent part: "Motions to certify this matter as a class action, if any, shall be filed no later than February 27, 2009." (Fourth Amended Scheduling Order (Docket No. 168), Oct. 8, 2008 ¶ 2.) On January 30, 2009, the Court extended that deadline by thirty

days. (Docket No. 171.) Thirty days after February 27, 2009, is March 29, 2009, a Sunday. The version of Federal Rule of Civil Procedure 6 in effect at the time set the due date as March 30, 2009, and the motion to certify the class was filed on March 30, 2009, at 4:03 p.m. (Docket No. 172.) Accordingly, the motion was timely.

*Class certification*

The next issue is whether the class, either as defined by one of the parties, or some other class defined by the Court, should be certified under Rule 23. Defendants concede that if the Court should find that the motion was timely made, then it should certify a more carefully defined class than the one proposed by Plaintiffs, should limit the class relief to only declaratory and injunctive remedies, and should limit the DOCCS facilities concerned to only those named in the third amended complaint. Plaintiffs oppose these limitations. The Court will review the Rule 23 requirements as they apply to the proposed certification.

*Rule 23(a)(1) Numerosity*

Plaintiff's proposed class is described in the complaint as follows:

> Plaintiffs bring this action on their own behalf and, pursuant to Rule 23(b)(1) and Rule 23(b)(2) of the Federal Rules of Civil Procedure, on behalf of all individuals with ambulatory disabilities that substantially limit one or more of their major life activities. Plaintiffs, and members of the putative class are currently incarcerated, or may become incarcerated in the future, under the custody and control of defendants at the Five Points, Franklin, Wyoming, Orleans, Attica, Green Haven and Upstate Correctional Facilities.

Compl. ¶ 4. Plaintiff alleges that the actual size of the class is unknown, but that "upon information and belief, there are hundreds of class members." Compl. ¶ 5. This number was further refined in David L. Cook's affidavit, which set the number at 203 as of March 30, 2009. Cook Aff. ¶ 13, Mar. 30, 2009, ECF No. 172-1.

A plaintiff need not establish the precise number of class members in order to satisfy the numerosity requirement. *McNeill v. New York City Housing Authority*, 719 F. Supp. 233, 252 (S.D.N.Y.1989); *Ellender v. Schweiker*, 550 F.Supp. 1348, 1359 (S.D.N.Y. 1982), *app. dism'd* 781 F.2d 314 (2d Cir.1986). "It is permissible for [a] plaintiff to rely on reasonable inferences drawn from the available facts. Furthermore, the lack of knowledge as to the exact number of affected persons is not a bar to maintaining a class action where the defendants alone have access to such data. *See Folsom v. Blum*, 87 F.R.D. 443, 445 (S.D.N.Y. 1980)." *McNeill*, 719 F. Supp. at 252.

Defendants do not dispute that Plaintiff's allegations meet the numerosity requirement. The Court finds that Plaintiffs' allegations of at least 203 potential class members, as well as the effect on future wheelchair-bound inmates, does meet the numerosity requirement.

### *Rule 23(a)(2) Commonality*

Rule 23(a)(2)'s commonality requirement "is met if plaintiffs' grievances share a common question of law or of fact." *Marisol A. v. Giuliani*, 126 F.3d 372, 376 (2d Cir. 1997) (citations omitted). Commonality will not be "defeated by the possibility that the proof required to demonstrate 'injury' might be highly individualized." *In re Sumitomo Copper Litigation v. Credit Lyonnais Rouse Ltd.*, 262 F.3d 134, 141 (2d Cir. 2001) (citations omitted).

Defendants do not argue that Plaintiff will be unable to show commonality. The Southern District has held that where the "claims of all proposed class members derive from the same ... policies and procedures, and are based on the same legal theories," the

commonality requirement is met. *McNeill,* 719 F. Supp. at 252. "There is no requirement that 'the factual background of each named plaintiff's claim be identical to that of all class members.' *Caridad* [*v. Metro–North Commuter R.R.*, 191 F.3d 283,] 29[3] [(2d Cir.1999).]; *see Cromer* [*Finance Ltd. v. Berger*,] 205 F.R.D. [113,] 122 (S.D.N.Y.2001)." *Ingles v. City of New York*, No. 01 Civ. 8279, 2003 WL 402565, *5 (S.D.N.Y. Feb. 20, 2003).

In the instant case, the Court finds that Plaintiff has demonstrated the existence of several common issues, most notably the allegations that DOCCS is violating Plaintiffs' rights under the ADA, the Rehabilitation Act, and the Eighth Amendment, and that the allegations in the complaint "primarily concern the design of the existing facilities," which Plaintiffs contend "are common to all wheel-chair bound inmates" in DOCCS facilities. Further, Plaintiffs seek only certification on their claims for declaratory and injunctive relief, not the damages claims concerning any injuries. Pl.s' Mem. of Law 5–6. Accordingly, Rule 23(a)(2) is satisfied.

### *Rule 23(a)(3) Typicality*

> Rule 23(a)(3)'s typicality requirement is satisfied when each class member's claim arises from the same course of events and each class member makes similar legal arguments to prove the defendant's liability. When it is alleged that the same unlawful conduct was directed at or affected both the named plaintiff and the class sought to be represented, the typicality requirement is usually met irrespective of minor variations in the fact patterns underlying individual claims.

*Robidoux v. Celani*, 987 F.2d 931, 936–37 (2d Cir.1993) (citations omitted). Moreover, "[d]ifferences in the damages sustained by individual class members does not preclude a showing of typicality, nor defeat class certification." *In re Playmobil Antitrust Litigation*, 35 F.Supp.2d 231, 242 (E.D.N.Y.1998) (citations omitted). As with commonality, the claims

of the class representatives are typical of those faced by the proposed class members. Accordingly, the Court finds that Rule 23(a)(3) is satisfied since all claims arise out of the same practices alleged to be illegal and unconstitutional in Plaintiffs' complaint.

*Rule 23(a)(4) Adequacy*

To satisfy Rule 23(a)(4), a plaintiff must demonstrate that "class counsel is qualified, experienced, and generally able to conduct the litigation," and that "there is no conflict of interest between the named plaintiffs and other members of the plaintiff class." *Marisol A.*, 126 F.3d at 378 (Citations omitted). Defendants' papers do not object to Plaintiffs' choice of counsel. There is no showing of a conflict of interest between the named plaintiffs and other members of the proposed class. Further, the Court is familiar with Mr. Cook's vast experience and finds that counsel is more than qualified.

*Rule 23(b)*

The Court will now turn its attention to whether Plaintiffs have satisfied Rule 23(b)(2).[4] Plaintiffs posit that their proposed class action is maintainable under rule 23(b)(2), which requires a showing that "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole…." Fed. R. Civ. P. 23(b)(2). Plaintiffs allege in their complaint, and Defendants have not argued to the contrary, that the named defendants have failed to act on issues applicable to the class generally. "Rule 23(b)(2) applies only when a single injunction or declaratory judgment would provide relief to each member of the class. It does not authorize class certification

---

[4] Plaintiffs contend they satisfy other alternatives in Rule 23(b); the Court need only address one.

when each individual class member would be entitled to a different injunction or declaratory judgment against the defendant." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 360 (2011). From the allegations in the complaint, it appears that a single injunction or declaratory judgment would address the allegations of each member of the class as to inaccessibility of the various DOCCS' facilities and that individualized injunctive or declaratory relief would not be necessary. Therefore, the Court finds that class certification is proper under Rule 23(b)(2).

## CONCLUSION

After reviewing the third amended complaint and the memoranda of law, the Court concludes that Plaintiffs have met the criteria for class certification under Rule 23. Further, the Court is not persuaded that the limitations expressed by Defendants, with the exception of limiting the class to declaratory and injunctive relief, are necessary. Therefore, the Court certifies the following class: "Plaintiffs and all prisoners in the custody of the New York State Department of Correctional and Community Supervision who suffer from a mobility disability limiting one or more of the prisoner's major life activities and that requires the use of a wheelchair." The Court finds no basis at this juncture to limit the class to only the facilities alleged in the complaint. Accordingly, the Court grants Plaintiffs' motion to certify, ECF No. 172.

IT IS SO ORDERED.

Dated: October 4, 2019
       Rochester, New York

            ENTER:

                    /s/ Charles J. Siragusa
                    CHARLES J. SIRAGUSA
                    United States District Judge