UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ABDUL SHARIFF, DIVINE ALLAH and JAMES WEST, Individually and on behalf of all persons similarly situated,<br><br>       Plaintiff,<br><br>  vs<br><br>BRIAN S. FISCHER, GLENN S. GOORD, et al.,<br><br>       Defendants. | **Declaration to Oppose Plaintiffs' Summary Judgment Motion**<br><br>Case No.: 05-cv-6504 |

   **Under 28 U.S.C. §1746, Matthew D. Brown, Esq., declares:**

   1.  I am an Assistant Attorney General in the New York State Attorney General's Office, attorney for Defendants.

   2.  I make this declaration based upon personal knowledge and a review of the NYS Department of Corrections and Community Supervision's ("DOCCS") records.

   3.  This Declaration opposes Plaintiffs' summary judgment motion.

   4.  On September 29, 2023, Plaintiffs filed a motion for summary judgment requesting "summary judgment for liability under the Eighth Amendment pursuant to Fed R. Civ. P. 56 for declaratory and injunctive relief" (ECF #242, ¶1). Plaintiffs appear to be moving only under 42 U.S.C. §1983 based on the Eighth Amendment for DOCCS' reuse of catheters.

   5.  Plaintiffs' motion should be denied because Plaintiffs failed to support their motion with admissible evidence as required by Rule 56, because none of the individual Defendants sued in their official capacities work for DOCCS, thus claims for injunctive or declaratory relief against them are moot and they cannot provide injunctive relief, because Plaintiffs Shariff and Allah are no longer in DOCCS custody, making their claims for injunctive and declaratory relief moot, because Plaintiffs have not demonstrated a constitutional violation, and because Plaintiffs have not tied a constitutional violation to any Defendants' personal involvement.

   6.  Plaintiffs' motion addresses only the use of catheters, Plaintiffs motion does not

seek judgment regarding alleged structural deficiencies in DOCCS' facilities.

7. Plaintiffs motion fails because it relies entirely on their unsworn, unverified Complaint, which is not admissible for evidentiary purposes, and the expert report of Ezekiel Young, MD (Exhibit 3 to the Declaration of David L. Cook, Esq., dated September 29, 2023 (ECF #242-5), which is not sworn to and thus not admissible for evidentiary purposes.

8. As explained in Defendants' Memorandum of Law, Plaintiff cannot remedy the lack of evidence in a reply and any attempt by Plaintiff to submit evidence in a reply must be rejected.

9. On May 29, 2007, Plaintiffs filed their Third Amended Complaint (the "Complaint") (ECF #84).

10. Plaintiff Abdul Shariff was released from DOCCS custody on June 8, 2010 (see **Exhibit A** to the Brown Declaration [ECF #241-1]). Thus, any claims for declaratory or injunctive relief by Plaintiff Shariff must be dismissed as moot.

11. Plaintiff Divine Allah was released from DOCCS custody on May 11, 2017 (see **Exhibit B** to the Brown Declaration [ECF #241-1]). Thus, any claims for declaratory or injunctive relief by Plaintiff Shariff must be dismissed as moot.

12. Plaintiff James West remains in DOCCS custody and is currently housed at Mowhawk Correctional Facility.

13. The Complaint alleges the following causes of action:

|   | **Cause of Action** | **Against** |
|---|---|---|
| 1 | §1983, 8th Amendment – conditions of confinement (ECF #84, ¶155) | All defendants |
| 2 | 29 U.S.C. §794, Section 504 of the Rehabilitation Act (¶156) | All defendants |
| 3 | 42 U.S.C. §12101, Americans with Disabilities Act (¶157) | All defendants |

| 4 | §1983 – unspecified (¶158) | All defendants |
|---|---|---|

14. The following chart identifies whether a Defendant is sued in his/her Individual or Official Capacity:

| Last | First | Individual capacity and/or Official Capacity |
|---|---|---|
| Apps | Richard | Official Capacity |
| Bernardi | Stephen | Official Capacity |
| Bernstein | Frederick | Official Capacity |
| Carter-Ritchie | Jaymi | Individual Capacity |
| Champagne | Glen | Official Capacity |
| Conway | James | Official Capacity |
| Cunningham | Robert | Official Capacity |
| Demars | John | Official Capacity |
| Devane | Charles | Individual Capacity |
| Dolce | Sandra | Official Capacity |
| Eagen | Thomas | Individual Capacity |
| Elmore | Gerald | Official Capacity |
| Ercole | Robert | Official Capacity |
| Fischer | Brian | Official Capacity |
| Giambruno | Michael | Official Capacity |
| Goord | Glenn | Individual Capacity |
| Gregoire | J. Peter | Individual Capacity |
| Keyser | William | Individual Capacity |
| Lindsay | Jim | Official Capacity |
| Montroy | Lori | Official Capacity |
| Mohring | Greg | Individual Capacity |
| Montanari | Sherry | Official Capacity |
| Napoli | David | Individual Capacity |
| Nuttall | John | Individual Capacity |
| Phillips | William | Individual Capacity |
| Pepin | Donna | Individual Capacity |

| Last | First | Individual capacity and/or Official Capacity |
|---|---|---|
| Poole | Thomas | Individual Capacity |
| Raymond | Robert | Official Capacity |
| Robinson | Robin | Individual Capacity |
| Sears | Lawrence | Official Capacity |
| Shiekh | Habib MD | Official Capacity |
| Thornton | Delores | Individual Capacity / Official Capacity |
| Tirone | Maria | Official Capacity |
| Totten | William | Individual Capacity |
| Unger | Dave | Official Capacity |
| Weingartner | Lawrence | Individual Capacity / Official Capacity |
| Weinstock | Daniel | Individual Capacity |
| Weissman | Evelyn | Official Capacity |
| Woods | Robert | Official Capacity |
| Wright | Lester | Individual Capacity / Official Capacity |
| Zenzen | Sheryl | Official Capacity |

15. Thus, the following medical professionals are sued in their individual capacities:

> Defendants Jaymi Carter-Ritchie, J. Peter Gregoire, Greg Mohring, Daniel Weinstock, and Lester Wright.

16. The following non-medical professionals are sued in their individual capacities:

> Defendants Charles Devane, Thomas Eagen, William Keyser, David Napoli, John Nutall, William Phillips, Donna Pepin, Thomas Poole, Delores Thornton, William Totten, and Lawrence Weingartner.

17. The remaining Defendants are sued in their official capacities only.

18. Plaintiffs moved for class certification on March 30, 2009 (ECF #172).

19. Defendants opposed class certification.

20. By Decision and Order dated October 4, 2019 (ECF #213), the Court noted that

Plaintiffs' "seek only certification on their claims for declaratory and injunctive relief, not the damages claims concerning any injuries." (ECF #213, p. 8). Thus, the certified class is only certified for injunctive and declaratory relief, not monetary damages.

21. The Court certified the following class:

> Plaintiffs and all prisoners in the custody of the New York State Department of Correctional and Community Supervision who suffer from a mobility disability limiting one or more of the prisoner's major life activities and that requires the use of a wheelchair.

(ECF #213, p. 10).

## Facts

16. Dr. Richard Apps was or had been the Facility Medical Administrator at Attica Correctional Facility at the time the Complaint was filed. This Defendant is no longer employed by DOCCS.

17. Stephen Bernardi was or had been the DOCCS Deputy Commissioner of Policy and Compliance Review at the time the Complaint was filed. This Defendant is no longer employed by DOCCS.

18. Dr. Frederick Bernstein was or had been the Facility Medical Director at Green Haven CF at the time the Complaint was filed. This Defendant is no longer employed by DOCCS.

19. Jaymi Carter-Ritchie was or had been a Registered Nurse at Five Points Correctional Facility at the time the Complaint was filed. This Defendant is no longer employed by DOCCS.

20. Dr. Glen Champagne was or had been the Facility Medical Director at Franklin Correctional Facility at the time the Complaint was filed. This Defendant is no longer employed by DOCCS.

21. James Conway was or had been the Superintendent at Attica Correctional Facility

at the time the Complaint was filed. This Defendant is no longer employed by DOCCS.

22. Robert Cunningham was or had been the Deputy Superintendent of Programs at Greenhaven Correctional Facility at the time the Complaint was filed. This Defendant is no longer employed by DOCCS.

23. John Demars was or had been the Deputy Superintendent of Programs at Franklin Correctional Facility at the time the Complaint was filed. This Defendant is no longer employed by DOCCS.

24. Charles Devane was or had been the DOCCS Deputy Commissioner of Administrative Services at the time the Complaint was filed. This Defendant is no longer employed by DOCCS.

25. Sandra Dolce was or had been the Deputy Superintendent of Programs at Attica Correctional Facility at the time the Complaint was filed. This Defendant is no longer employed by DOCCS.

26. Thomas Eagen was or had been the DOCCS Director of the Inmate Grievance Program at the time the Complaint was filed. This Defendant is no longer employed by DOCCS.

27. Gerald Elmore was or had been the Deputy Superintendent of Programs at Wyoming Correctional Facility at the time the Complaint was filed. This Defendant is no longer employed by DOCCS.

28. Robert Ercorle was or had been the Superintendent at Green Haven Correctional Facility at the time the Complaint was filed. This Defendant is no longer employed by DOCCS.

29. Brian Fischer was or had been the Acting Commissioner of DOCCS at the time the Complaint was filed. This Defendant is no longer employed by DOCCS.

30. Michael Giambruno was or had been the Superintendent of Wyoming Correctional Facility at the time the Complaint was filed. This Defendant is no longer employed by DOCCS.

31. Glenn Goord was or had been a former Commissioner of DOCCS at the time the Complaint was filed. This Defendant is no longer employed by DOCCS.

32. Dr. J. Peter Gregoire was or had been a part-time Facility Medical Director at Five Points CF at the time the Complaint was filed. This Defendant is no longer employed by DOCCS.

33. William Keyser was or had been a Correctional Lieutenant at Green Haven Correctional Facility at the time the Complaint was filed. This Defendant is no longer employed by DOCCS.

34. Jim Lindsay was or had been the Deputy Superintendent of Programs at Orleans Correctional Facility at the time the Complaint was filed. This Defendant is no longer employed by DOCCS.

35. Lori Montroy was or had been the Nurse Administrator at Franklin Correctional Facility at the time the Complaint was filed. This Defendant is no longer employed by DOCCS.

36. Dr. Greg Mohring was or had been the Facility Medical Director at Wyoming Correctional Facility at the time the Complaint was filed. This Defendant is no longer employed by DOCCS.

37. Sherry Montanari was or had been the Nurse Administrator at Orleans Correctional Facility at the time the Complaint was filed. This Defendant is no longer employed by DOCCS.

38. David Napoli was or had been the Deputy Superintendent of Security at Orleans Correctional Facility at the time the Complaint was filed. This Defendant is no longer employed by DOCCS.

39. John Nuttall was or had been the DOCCS Deputy Commissioner of Programming at the time the Complaint was filed. This Defendant is no longer employed by DOCCS.

40. William Phillips was or had been the Superintendent at Greenhaven Correctional Facility at the time the Complaint was filed. This Defendant is no longer employed by DOCCS.

41. Donna Pepin was or had been a Registered Nurse at Franklin Correctional Facility at the time the Complaint was filed. This Defendant is no longer employed by DOCCS.

42. Thomas Poole was or had been the Superintendent of Five Points Correctional Facility at the time the Complaint was filed. This Defendant is no longer employed by DOCCS.

43. Robert Raymond was or had been the DOCCS ADA Coordinator at the time the Complaint was filed. This Defendant is no longer employed by DOCCS.

44. Robin Robinson was or had been a nurse at Orleans Correctional Facility at the time the Complaint was filed. This Defendant remains employed by DOCCS but is sued only in her individual capacity.

45. Lawrence Sears was or had been the Superintendent of Franklin Correctional Facility at the time the Complaint was filed. This Defendant is no longer employed by DOCCS.

46. Dr. Habib Shiekh was or had been the Facility Health Services Director at Wyoming Correctional Facility at the time the Complaint was filed. This Defendant is no longer employed by DOCCS.

47. Delores Thornton was or had been the Deputy Superintendent of Programs at Green Haven Correctional Facility at the time the Complaint was filed. This Defendant is no longer employed by DOCCS.

48. Maria Tirone was or had been the Deputy Superintendent of Programs at Upstate Correctional Facility at the time the Complaint was filed. This Defendant is no longer employed by DOCCS.

49. William Totten was or had been the Deputy Superintendent of Security at Green Haven Correctional Facility at the time the Complaint was filed. This Defendant is no longer employed by DOCCS.

50. Dave Unger was or had been the Superintendent of Orleans Correctional Facility at

the time the Complaint was filed. This Defendant is no longer employed by DOCCS.

51. Lawrence Weingartner was or had been the Deputy Superintendent of Programs at Five Points Correctional Facility at the time the Complaint was filed. This Defendant is no longer employed by DOCCS.

52. Dr. Daniel Weinstock was or had been the Facility Health Services Director at Five Points Correctional Facility at the time the Complaint was filed. This Defendant is no longer employed by DOCCS.

53. Dr. Evelyn Weissman was or had been the Facility Health Services Director at Upstate Correctional Facility at the time the Complaint was filed. This Defendant is no longer employed by DOCCS.

54. Robert Woods was or had been the Superintendent of Upstate Correctional Facility at the time the Complaint was filed. This Defendant is no longer employed by DOCCS.

55. Lester Wright was or had been the DOCCS Chief Medical Officer at the time the Complaint was filed. This Defendant is no longer employed by DOCCS.

56. Sheryl Zenzen was or had been the Deputy Superintendent of Programs at Five Points Correctional Facility at the time the Complaint was filed. This Defendant is no longer employed by DOCCS.

57. Defendant Menally was never served, never answered, and never appeared in this action and should be dismissed.

58. Of the remaining Defendants, only Defendant Robin Robinson (now Neal) is still employed by DOCCS.

59. Any claims for injunctive relief or declaratory relief against the remaining "official capacity" Defendants must be dismissed as moot because they are no longer employed by DOCCS.

**A.  Claims regarding re-use of catheters should be dismissed for lack of personal involvement, because re-use of catheters met the standard of care, and because such claims are moot.**

60.  Defendants Stephen Bernardi, James Conway, Robert Cunningham, John Demars, Charles Devane, Sandra Dolce, Thomas Eagen, Gerald Elmore, Robert Ercorle, Brian Fischer, Michael Giambruno, Glenn Goord, William Keyser, Jim Lindsay, Sherry Montanari, David Napoli, John Nuttall, William Phillips, Thomas Poole, Robert Raymond, Lawrence Sears, Delores Thornton, Maria Tirone, William Totten, Dave Unger, Lawrence Weingartner, Robert Woods, and Sheryl Zenzen were not medical professionals, did not provide medical care to inmates, and had no input into medical decisions regarding the treatment of inmates.

61.  These Defendants had no input into what kind of catheters to provide inmates, how many catheters to provide inmates, or how often catheters were provided to inmates.

62.  Plaintiffs adduced no evidence of personal involvement by any of these Defendants showing any of these Defendants had personal involvement in decision relating to catheters.

63.  These Defendants had no personal involvement in decisions relating to provision of catheters to inmates.

64.  Thus, all claims regarding the re-use of catheters should be dismissed as against these inmates.

65.  Defendant Dr. Lester Wright as the former Chief Medical Officer for DOCCS did not examine or treat inmates.

66.  Plaintiffs adduced no evidence that Dr. Wright was personally involved deciding how many catheters to provide to inmates, when to provide catheters, or what kind of catheters to provide.

67.  Defendant Dr. Wright had no input into what kind of catheters to provide inmates, how many catheters to provide inmates, or how often catheters were provided to inmates.

68. Plaintiffs adduced no evidence of personal involvement by Dr. Wright showing that Dr. Wright had personal involvement in decision relating to catheters.

69. Dr. Wright had no personal involvement in decisions relating to provision of catheters to inmates.

70. Thus, all claims regarding the re-use of catheters should be dismissed as against Defendant Dr. Lester Wright for lack of personal involvement.

71. Plaintiffs made no allegations against and adduced no evidence of Defendant Richard Apps personal involvement regarding the issuance of catheters. Thus, claims regarding catheters against Defendant Apps should be dismissed for lack of personal involvement.

72. Plaintiffs made no allegations against and adduced no evidence of Defendant Frederick Bernstein personal involvement regarding the issuance of catheters. Thus, claims regarding catheters against Defendant Frederick Bernstein should be dismissed for lack of personal involvement.

73. Plaintiffs made no allegations against and adduced no evidence of Defendant Glen Champagne personal involvement regarding the issuance of catheters. Thus, claims regarding catheters against Defendant Glen Champagne should be dismissed for lack of personal involvement.

74. Plaintiffs made no allegations against and adduced no evidence of Defendant Lori Montroy personal involvement regarding the issuance of catheters. Thus, claims regarding catheters against Defendant Lori Montroy should be dismissed for lack of personal involvement.

75. Plaintiffs made no allegations against and adduced no evidence of Defendant Habib Shiekh personal involvement regarding the issuance of catheters. Thus, claims regarding catheters against Defendant Habib Shiekh should be dismissed for lack of personal involvement.

76. Plaintiffs made no allegations against and adduced no evidence of Defendant

Evelyn Weissman personal involvement regarding the issuance of catheters. Thus, claims regarding catheters against Defendant Evelyn Weissman should be dismissed for lack of personal involvement.

77. The only allegation against Defendant Jaymi Carter-Ritchie is that she failed to respond to a complaint by Plaintiff Allah. Aside from failing to respond to a complaint, Plaintiffs adduced no evidence of Defendant Carter-Rithcie's personal involvement regarding the issuance of catheters. Thus, claims regarding catheters against Defendant Evelyn Weissman should be dismissed for lack of personal involvement.

78. The only allegation against Defendant Jaymi Carter-Ritchie is that she failed to respond to a complaint by Plaintiff Allah. Aside from failing to respond to a complaint, Plaintiffs adduced no evidence of Defendant Carter-Rithcie's personal involvement regarding the issuance of catheters. Thus, claims regarding catheters against Defendant Evelyn Weissman should be dismissed for lack of personal involvement.

79. The only allegation against Defendant Daniel Weinstock is that he failed to respond to a complaint by Plaintiff Allah. Aside from failing to respond to a complaint, Plaintiffs adduced no evidence of Defendant Daniel Weinstock's personal involvement regarding the issuance of catheters. Thus, claims regarding catheters against Defendant Evelyn Weissman should be dismissed for lack of personal involvement.

80. The only allegation against Defendant Lester Wright is that he failed to respond to a complaint by Plaintiff Shariff. Aside from failing to respond to a complaint, Plaintiffs adduced no evidence of Defendant Lester Wright's personal involvement regarding the issuance of catheters. Thus, claims regarding catheters against Defendant Evelyn Weissman should be dismissed for lack of personal involvement.

81. Regardless, as explained in the expert Declaration of Dr. Gabriel Haas, attached as

**Exhibit C** to the Brown Declaration [ECF #241-1], re-using catheters met the standard of care on the dates at issue in this action, and therefore Plaintiffs' claims should be dismissed.

82. Finally, Plaintiffs' claims for injunctive and declaratory relief regarding the re-use of catheters in DOCCS should be dismissed as moot because DOCCS stopped reusing catheters years ago.

**WHEREFORE**, Defendants respectfully request an Order of this Court denying Plaintiffs' motion for summary judgment and granting such other relief as the Court deems proper.

**I declare under penalty of perjury that the foregoing is true and correct.**

Executed on November 27, 2023

s/ Matthew D. Brown
Matthew D. Brown
*Attorney for Defendants*
Assistant Attorney General
NYS Office of the Attorney General
144 Exchange Boulevard
Suite 200
Rochester, New York 14614
(585) 327-3257
matthew.brown@ag.ny.gov