**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ABDUL SHARIFF, DIVINE ALLAH and JAMES WEST, Individually and on behalf of all persons similarly situated,<br>　　　　　　　　　　　Plaintiff,<br>vs<br>BRIAN S. FISCHER, GLENN S. GOORD, et al.,<br>　　　　　　　　　　　Defendants. | **Defendants' Response to Plaintiff's Rule 56 Statement**<br><br>Case No.:  05-cv-6504 |

Defendants Richard Apps, Stephen Bernardi, Frederick Bernstein, Jaymi Carter-Ritchie, Glen Champagne, James Conway, Robert Cunningham, John Demars, Charles Devane, Sandra Dolce, Thomas Eagen, Gerald Elmore, Robert Ercorle, Brian Fischer, Michael Giambruno, Glenn Goord, J. Peter Gregoire, William Keyser, Jim Lindsay, Lori Montroy, Greg Mohring, Sherry Montanari, David Napoli, John Nuttall, William Phillips, Donna Pepin, Thomas Poole, Robert Raymond, Robin Robinson, Lawrence Sears, Habib Shiekh, Delores Thornton, Maria Tirone, William Totten, Dave Unger, Lawrence Weingartner, Daniel Weinstock, Evelyn Weissman, Robert Woods, Lester Wright, and Sheryl Zenzen respond to Plaintiffs' "Statement of Undisputed Facts" (ECF #242-1) as follows;

1.　　Admit paragraph 1.

2.　　Admit paragraph 2.

3.　　Admit paragraph 3.

4.　　Admit paragraph 4.

5.　　Admit paragraph 5.

6.　　Admit paragraph 6.

7.　　Admit paragraph 7.

8.　　Admit paragraph 8.

9.　　Admit paragraph 9.

10. Admit paragraph 10.

11. Admit paragraph 11.

12. Admit paragraph 12.

13. Admit paragraph 13.

14. Admit paragraph 14.

15. Deny paragraph 15 and state Plaintiffs fail to meet their burden on the motion to cite to admissible evidence demonstrating a fact and instead offer no admissible evidence to support this claimed fact. Plaintiffs cite solely to their Third Amended Complaint, which was not sworn to or verified and thus not evidence as required by Fed. R. Civ. Pro. Rule 56. See, e.g., *Marquez v. City of New York*, 2016 U.S. Dist. LEXIS 123897, 2016 WL 4767577, at *1 n.1 (SDNY 2016) ("On a motion for summary judgment, however, 'allegations in an unverified complaint cannot be considered as evidence.'" (quoting *Cont'l Ins. Co. v. Atl. Cas. Ins. Co.*, N 2009 U.S. Dist. LEXIS 47481, 2009 WL 1564144, at *1, n.l (SDNY 2009))); *Tomasino v. Estee Lauder Cos.*, 2015 U.S. Dist. LEXIS 38918, 2015 WL 1470177, at *6 (EDNY 2015) ("The complaint is not admissible into evidence. Once the standard prescribed by *Twombly* and *Iqbal* has been satisfied, the function of the complaint is merely to provide notice."); *Versace v. Versace*, 2003 U.S. Dist. LEXIS 14858, 2003 WL 22023946, at *1 n.2 (SDNY 2003) ("While a verified complaint may be treated as an affidavit for summary judgment purposes if it meets the requirements of Rule 56(e), an unverified complaint is not useful to the Court on such a motion." (citing, *inter alia, Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 292 (2d Cir. 2000); *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995) (further internal citations omitted))).

16. Deny paragraph 16 and state Plaintiffs fail to meet their burden on the motion to cite to admissible evidence demonstrating a fact and instead offer no admissible evidence to support this claimed fact. Plaintiffs cite solely to their Third Amended Complaint, which was not

sworn to or verified and thus not evidence as required by Fed. R. Civ. Pro. Rule 56.

17. Deny paragraph 17 and state Plaintiffs fail to meet their burden on the motion to cite to admissible evidence demonstrating a fact and instead offer no admissible evidence to support this claimed fact. Plaintiffs cite solely to their Third Amended Complaint, which was not sworn to or verified and thus not evidence as required by Fed. R. Civ. Pro. Rule 56.

18. Deny paragraph 18 and state Plaintiffs fail to meet their burden on the motion to cite to admissible evidence demonstrating a fact and instead offer no admissible evidence to support this claimed fact. Plaintiffs cite solely to their Third Amended Complaint, which was not sworn to or verified and thus not evidence as required by Fed. R. Civ. Pro. Rule 56.

19. Deny paragraph 19 and state Plaintiffs fail to meet their burden on the motion to cite to admissible evidence demonstrating a fact and instead offer no admissible evidence to support this claimed fact. Plaintiffs cite solely to their expert report, which is not sworn to or verified and thus not evidence as required by Fed. R. Civ. Pro. Rule 56, and Defendants state that, as explained in the expert Declaration of Dr. Gabriel Haas, attached as **Exhibit C** to the Brown Declaration [ECF #241-1], re-using catheters met the standard of care on the dates at issue in this action. (Brown Declaration, ¶81)

20. Deny paragraph 20 and state Plaintiffs fail to meet their burden on the motion to cite to admissible evidence demonstrating a fact and instead offer no admissible evidence to support this claimed fact. Plaintiffs cite solely to their expert report, which is not sworn to or verified and thus not evidence as required by Fed. R. Civ. Pro. Rule 56, and Defendants state that, as explained in the expert Declaration of Dr. Gabriel Haas, attached as **Exhibit C** to the Brown Declaration [ECF #241-1], re-using catheters met the standard of care on the dates at issue in this action. (Brown Declaration, ¶81)

21. Deny paragraph 21 and state Plaintiffs fail to meet their burden on the motion to

cite to admissible evidence demonstrating a fact and instead offer no admissible evidence to support this claimed fact. Plaintiffs cite solely to their expert report, which is not sworn to or verified and thus not evidence as required by Fed. R. Civ. Pro. Rule 56, and Defendants state that, as explained in the expert Declaration of Dr. Gabriel Haas, attached as **Exhibit C** to the Brown Declaration [ECF #241-1], re-using catheters met the standard of care on the dates at issue in this action. (Brown Declaration, ¶81)

22.     Deny paragraph 22, and state Plaintiffs fail to meet their burden on the motion to cite to admissible evidence demonstrating a fact and instead offer no admissible evidence to support this claimed fact. Plaintiffs cite solely to their expert report, which is not sworn to or verified and thus not evidence as required by Fed. R. Civ. Pro. Rule 56, and Defendants state that, as explained in the expert Declaration of Dr. Gabriel Haas, attached as **Exhibit C** to the Brown Declaration [ECF #241-1], re-using catheters met the standard of care on the dates at issue in this action. (Brown Declaration, ¶81)

23.     Deny paragraph 23, and state Plaintiffs fail to meet their burden on the motion to cite to admissible evidence demonstrating a fact and instead offer no admissible evidence to support this claimed fact. Plaintiffs cite solely to their expert report, which is not sworn to or verified and thus not evidence as required by Fed. R. Civ. Pro. Rule 56, and Defendants state that, as explained in the expert Declaration of Dr. Gabriel Haas, attached as **Exhibit C** to the Brown Declaration [ECF #241-1], re-using catheters met the standard of care on the dates at issue in this action. (Brown Declaration, ¶81)

24.     Deny paragraph 24, and state Plaintiffs fail to meet their burden on the motion to cite to admissible evidence demonstrating a fact and instead offer no admissible evidence to support this claimed fact. Plaintiffs cite solely to their expert report, which is not sworn to or verified and thus not evidence as required by Fed. R. Civ. Pro. Rule 56, and Defendants state that,

as explained in the expert Declaration of Dr. Gabriel Haas, attached as **Exhibit C** to the Brown Declaration [ECF #241-1], re-using catheters met the standard of care on the dates at issue in this action. (Brown Declaration, ¶81)

25.     Regarding paragraph 25, deny that no studies have been conducted and state Plaintiffs fail to meet their burden on the motion to cite to admissible evidence demonstrating a fact and instead offer no admissible evidence to support this claimed fact. Plaintiffs cite solely to their expert report, which is not sworn to or verified and thus not evidence as required by Fed. R. Civ. Pro. Rule 56, and Defendants deny "these settings frequently, for example, lack hot water" and state that Plaintiffs fail to meet their burden on the motion to cite to admissible evidence demonstrating a fact and instead offer no admissible evidence to support this claimed fact. Plaintiffs cite solely to their Third Amended Complaint, which was not sworn to or verified and thus not evidence as required by Fed. R. Civ. Pro. Rule 56.

**WHEREFORE**, Defendants respectfully request an Order of this Court under Rule 56 of the Federal Rules of Civil Procedure dismissing the Complaint and all causes of action with prejudice, denying Plaintiffs' motion for summary judgment, and granting such other relief as the Court deems proper.

**I declare under penalty of perjury that the foregoing is true and correct.**

Executed on November 27, 2023                            s/ Matthew D. Brown
                                                         Matthew D. Brown
                                                         *Attorney for Defendants*
                                                         Assistant Attorney General
                                                         NYS Office of the Attorney General
                                                         144 Exchange Boulevard
                                                         Suite 200
                                                         Rochester, New York 14614
                                                         (585) 327-3257
                                                         matthew.brown@ag.ny.gov