**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ABDUL SHARIFF, DIVINE ALLAH and JAMES WEST, Individually and on behalf of all persons similarly situated,<br><br>                       Plaintiff,<br>vs<br><br>BRIAN S. FISCHER, GLENN S. GOORD, et al.,<br><br>                       Defendants. | **Defendants' Memorandum of Law In Opposition to Plaintiffs' Summary Judgment Motion**<br><br>Case No.: 05-cv-6504 |

**Preliminary Statement**

Plaintiffs move for summary judgment solely on the issue of liability under 42 U.S.C. §1983 applying the Eighth Amendment regarding DOCCS' reuse of catheters. Because Plaintiffs failed to cite to admissible evidence demonstrating liability, their motion should be denied. Because Plaintiffs failed to cite to admissible evidence demonstrating the personal involvement of any individual Defendant, their motion should be denied. Because except for one[1], the Defendants no longer work for DOCCS and therefore cannot provide a remedy, Plaintiffs' motion should be denied. Because Plaintiffs failed to show causation of any injury related to an alleged Constitutional violation, their motion should be denied.

**Statement of Facts**

The Court is respectfully referred to Defendants' Rule 56 Statement and the Declaration of Matthew D. Brown for a recitation of the relevant facts.

**Summary Judgment Standard**

Under Rule 56(c), summary judgment is appropriate where the moving papers and

---

[1] And that one Defendant is not a medical professional.

1

affidavits submitted by the parties "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See*, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). The moving party bears the initial burden of "informing the district court of the basis for its motion," and demonstrating "the absence of a genuine issue of material fact." *Celotex v. Catrett,* 477 U.S. 317, 323 (1986).

The burden then shifts to the non-moving party to demonstrate "specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The non-moving party must present evidence sufficient to support a jury verdict in its favor. *Anderson*, 477 U.S. at 249. The underlying facts in affidavits, attached exhibits, and depositions, must be viewed in the light most favorable to the non-moving party. *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). Summary judgment is appropriate only where, "after drawing all reasonable inferences in favor of the party against whom summary judgment is sought, no reasonable trier of fact could find in favor of the non-moving party." *Leon v. Murphy*, 988 F.2d 303, 308 (2d Cir.1993).

**A.      Plaintiffs Failed to properly support their motion**

Local Rule 56.1 requires that, "[u]pon any motion for summary judgment pursuant to Rule 56 . . . , there shall be annexed to the notice of motion a separate, short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried." Local Civ. R. 56.1(a). The Rule requires more than a rote recitation of facts. Specifically, "each statement by the movant or opponent pursuant to Rule 56.1(a) and (b), including each statement controverting any statement of material fact, must be followed by citation to evidence which would be admissible, set forth as required by Fed. R. Civ. P. 56(c)." Local Civ. R. 56.1(d); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (stating that the party opposing a properly brought motion for summary judgment bears the burden of going beyond the pleadings, and "designat[ing] 'specific facts showing that there is a genuine issue for trial'"

(quoting Fed. R. Civ. P. 56(e)). Plaintiffs failed to support each fact in their Rule 56 Statement with a citation to admissible evidence and their motion should therefore be denied.

Defendants, in contrast, submitted a Local Rule 56(a)(1) counter-statement with specific citations to evidence in the record. Thus, where Plaintiff's submissions attempt to contradict Defendants' facts but fail to support such "contrary facts" with admissible evidence in the record, Defendants' facts should be deemed admitted. *See Buell v. Hughes*, 568 F. Supp. 2d 235, 237 (D. Conn. 2008) on reconsideration, 596 F. Supp. 2d 380 (D. Conn. 2009) (plaintiffs' response that they "lack[ed] sufficient information to agree or disagree" with defendant's facts was an improper denial under Rule 56(a)(2), as it neither agreed with nor denied the defendant's statements); *Henton v. City of New London*, 2008 U.S. Dist. LEXIS 41088 (D. Conn. 2008) (same); *Knight v. Hartford Police Dep't*, 2006 U.S. Dist. LEXIS 36331 (D. Conn. 2006) (deeming admitted defendant's undisputed facts where plaintiff responded that he "ha[d] no knowledge" of or "disagree[d] with" the statements and where he offered no evidence in dispute); *Walton v. State of Conn., Dep't of Soc. Servs.*, 2006 U.S. Dist. LEXIS 9874 (D. Conn. 2006) (deeming admitted defendant's material facts where plaintiff claimed insufficient knowledge to respond and offered no evidence to dispute facts); *Reynolds v. Town of Suffield*, 2012 U.S. Dist. LEXIS 107572, at *1 n.1 (D. Conn. 2012) (deeming admitted facts that were supported by the evidence where non-moving party failed to cite to admissible evidence to support denials). *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (Federal Rule of Civil Procedure 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial'"); *Risco v. McHugh*, 868 F. Supp. 2d 75, 85 n.2 (SDNY 2012) ("[T]he [Rule 56.1] Statement improperly interjects arguments and/or immaterial facts in response to facts asserted by

3

Defendant, without specifically controverting those facts."); *Tsai v. Rockefeller Univ.*, 2002 U.S. Dist. LEXIS 2552, at *1 n.1 (SDNY 2002) ("Plaintiff's Rule 56.1 Statement is also deficient in that it often contains long narratives and conclusions which are not supported with citations to admissible evidence."), *aff'd sub nom. Li-Lan Tsai v. Rockefeller Univ.*, 46 F. App'x 657 (2d Cir. 2002); *Cruz v Duane Reade Pharm. Co.*, 2005 US Dist LEXIS 10186, at *11-12 (SDNY 2005) (plaintiff attempted to controvert factual allegations in Defendant's Rule 56.1 Statement with unsupported denials and conclusory allegations of improper evidence).

Accordingly, where there is a relevant conflict of alleged facts, Defendants' statements should be deemed admitted. *See Guarino v. St. John Fisher Coll.*, 553 F. Supp. 2d 252, 253-54 (WDNY 2008) (assertions in Rule 56.1 statement deemed admitted where Rule 56.1 counterstatement failed to cite to admissible evidence), *aff'd*, 321 F. App'x 55 (2d Cir. 2009) (summary order); *BOUSA Inc. v. United States (In re Bulk Oil (USA) Inc.)*, 2007 U.S. Dist. LEXIS 27346, 2007 WL 1121739, at *15-16 (SDNY 2007) (deeming government's Rule 56.1 statement admitted because plaintiff failed to provide evidence supporting statements in Rule 56.1 counterstatement, noting that "failure to provide any citation at all will leave a factual allegation without evidentiary value"); *Cooper v. Gottlieb*, 2000 U.S. Dist. LEXIS 12936, 2000 WL 1277593, at *4 (SDNY 2000) *aff'd*, 12 F. App'x 28 (2d Cir. 2001) (summary order) (deeming fact asserted by defendant admitted where plaintiffs' Rule 56.1 counterstatement stated they denied defendants' assertion but cited to and submitted no evidence supporting denial).

Because Plaintiffs failed to support their motion with admissible evidence, their motion should be denied.

**B.     Plaintiffs cannot cure their deficient motion in Reply**

On a motion for summary judgment, the Court's consideration is limited to factual material that would be admissible evidence at trial. *Local Unions 20 v. United Bhd. of Carpenters and*

4

*Joiners of Am.*, 223 F. Supp. 2d 491, 496 (SDNY 2002). Here, because the only cited admissible evidence is that cited by Defendants, Defendants statement of facts should be admitted, and Plaintiffs' motion should be denied.

A reply brief should not, however, be used to cure a defective motion by providing new evidence." *Paz Sys. v. Dakota Grp. Corp.*, 2006 U.S. Dist. LEXIS 103301, *10 (EDNY 2006), adopted 2006 U.S. Dist. LEXIS 103302, *1 (EDNY 2006) (citation omitted). "It cannot seriously be disputed that a movant is obligated to file with a motion the evidentiary materials necessary to justify the relief it seeks." *Springs Industries, Inc. v. American Motorists Ins. Co.*, 137 F.R.D. 238, 239 (Tx. N.D. 1991); *MPD Access., B.V. v. Urban Outfitters, Inc.*, 2013 U.S. Dist. LEXIS 153035, *17 (SDNY 2013) (Court will not consider parts of the declarations by which counsel attempt to correct evidentiary deficiencies in their initial submissions); *Aguilar v. Ham N Eggery Deli Inc.*, 2018 U.S. Dist. LEXIS 235037, *5 (EDNY 2018) (Rule 56.1 requires the statement be submitted with the notice of motion, memorandum of law, and other moving submissions, not the reply memorandum);.

Reply papers are permitted in part to allow the movant to "properly address new material issues raised in the opposition papers so as to avoid giving unfair advantage to the answering party." *Bayway Refining Co. v. Oxygenated Marketing & Trading*, 215 F.3d 219, 226-27 (2d Cir. 2000) (quoting *Litton Industries, Inc. v. Lehman Bros. Kuhn Loeb, Inc.*, 767 F. Supp. 1220, 1235 (SDNY 1991), *rev'd on other grounds*, 967 F.2d 742 (2d Cir. 1992)). A reply brief should not, however, be used to cure a defective motion by providing new evidence. *See Springs Industries, Inc. v. American Motorists Ins. Co.*, 137 F.R.D. 238, 240 (N.D. Tex. 1991); *Playboy Enterprises, Inc. v. Dumas*, 960 F. Supp. 710, 720 n.7 (SDNY 1997) ("Arguments made for the first time in a reply brief need not be considered by a court.") (citations omitted).

5

"Submission of new evidence [on reply] is improper and should not be considered by the Court." *Travelers Indem. Co. v. Excalibur Reinsurance Corp.*, 2013 U.S. Dist. LEXIS 110396, *4 (Conn 2013) (citation omitted); *United States v. Noble Jewelry Holdings Ltd.*, 2012 U.S. Dist. LEXIS 51675, at *13-14 (SDNY 2012) (court refused to consider new evidence submitted by movant on reply where such evidence was "not submitted in response to any new material issues raised" in the opposition papers)).

Plaintiffs should not be allowed to cure their motion's deficiency in a reply and their motion should be denied.

## C.     Plaintiffs' unsworn expert report is not evidence

Plaintiffs rely on an unsworn expert report, which cannot serve as the basis for summary judgment because it is not evidence.

At summary judgment, "a district [c]ourt properly considers only evidence that would be admissible at trial," as required by Rule 56. *See Nora Bevs., Inc. v. Perrier Group of Am. Inc.*, 164 F.3d 736, 746 (2d Cir. 1998); *see also Raskin v. Wyatt Co.*, 125 F.3d 55, 66 (2d Cir. 1997) ("[O]nly admissible evidence need be considered by the trial court in ruling a motion for summary judgment."). Applying this rule, "[c]ourts in this Circuit have uniformly held that unsworn expert reports do not satisfy the admissibility requirements of Fed. R. Civ. P. 56(e), and cannot be used [on] a motion for summary judgment without additional affidavit support." *Glowczenski v. Taser Int'l, Inc.*, 2010 U.S. Dist. LEXIS 47269, 2010 WL 1957289, at *2 (EDNY 2010) (collecting cases); *Gotlin v. Lederman*, 616 F. Supp. 2d 376, 389 (EDNY 2009); *Berk v. St. Vincent's Hosp. & Med. Ctr.*, 380 F. Supp. 2d 334, 352 (SDNY 2005); *see also Capobianco v. City of New York*, 422 F.3d 47, 55 (2d Cir. 2005) (acknowledging that unsworn expert statements are inadmissible hearsay on a motion for summary judgment); *Cornell Research Found., Inc. v. Hewlett—Packard Co.*, 2007 U.S. Dist. LEXIS 89637, 2007 WL 4349135, at *19 (NDNY 2007) (finding that the

6

great weight of authority supports the position that unsworn expert reports "constitute inadmissible hearsay and thus are not worthy of consideration on a motion for summary judgment"); *Berk v. St. Vincent's Hosp. & Med. Ctr.*, 380 F. Supp. 2d 334, 352 (SDNY 2005) (same); *Scalercio-Isenberg v. Port Auth. of New York*, 2019 U.S. Dist. LEXIS 249283, *2-3 (SDNY 2019) (same); *Zorn v. Mount Sinai Med. Ctr., Inc.*, 2012 U.S. Dist. LEXIS 135507, 2012 WL 4320575 (SDNY 2012), at *2 ("Courts in this Circuit have uniformly held that unsworn expert reports do not satisfy the admissibility requirements of Fed.R.Civ.P. 56(e), and cannot be used to defeat a summary judgment motion") (citations omitted); *Houser v. Norfolk Southern Ry.*, 264 F. Supp. 3d 470, 475 (WDNY 2017) (same).

A few courts apparently have considered unsworn expert reports "particularly in opposition to a summary judgment motion, following full disclosure which has included an adequate opportunity to depose the expert regarding the opinions set forth in his or her report." *Cornell Research Foundation, Inc. v. Hewlett-Packard Co.*, 2007 U.S. Dist. LEXIS 89637, 2007 WL 4349135, *19 (NDNY 2007) (citing *Medtronic Xomed, Inc. v. Gyrus ENT, LLC*, 440 F. Supp. 2d 1300, 1310 n.6 (M.D. Fla. 2006)). "The far greater weight of authority," however, supports the position that "such reports constitute inadmissible hearsay and thus are not worthy of consideration on a motion for summary judgment." *Id.* (citing *Maytag v. Electrolux Home Products, Inc.*, 448 F. Supp. 2d 1034, 1064 (N.D. Iowa 2006)(citing cases)).

"[U]nsworn letters from physicians generally are inadmissible hearsay that are an insufficient basis for opposing a motion for summary judgment." *Capobianco v. City of New York*, 422 F.3d 47, 55 (2d Cir. 2005) (citations omitted); *see also* Fed. R. Civ. P. 56(c). That is not necessarily the end of the inquiry, however, as "[s]ubsequent verification or reaffirmation of an unsworn expert's report, either by affidavit or deposition, allows the court to consider the unsworn

7

expert's report on a motion for summary judgment." *Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.*, 790 F.3d 532, 539 (4th Cir. 2015) (quoting *DG & G, Inc. v. FlexSol Packaging Corp. of Pompano Beach*, 576 F.3d 820, 826 (8th Cir. 2009)); *accord Monahan v. City of New York*, 2023 U.S. Dist. LEXIS 28802, 2023 WL 2138535, at *4 (SDNY 2023) ("Unsworn letters and reports may be admissible only when the opinions expressed in such documents are reaffirmed by deposition testimony." (internal quotation marks omitted)); *Phila. Indem. Ins. Co. v. Streb, Inc.*, 487 F. Supp. 3d 174, 182 n.4 (SDNY 2020) (same).

Further, Plaintiffs arguments regarding Defendants' expert, Dr. Haas, goes to weight, not admissibility and a court may not assess the weight of an expert's opinion, as doing so is straying from its role of gatekeeper. *See Richardson v. Corr. Med. CARE, Inc.*, 2023 U.S. App. LEXIS 12071, 2023 WL 3490904, at *3 (2d Cir. 2023) (quoting *Boucher v. U.S. Suzuki Motor Corp.*, 73 F.3d 18, 21 (2d Cir. 1996) ("Although expert testimony should be excluded if it is speculative or conjectural, or if it is based on assumptions that are so unrealistic and contradictory as to suggest bad faith . . . , other contentions that the assumptions are unfounded go to the weight, not the admissibility, of the testimony." (internal quotation marks and citations omitted)); *cf. Scott v. Coughlin*, 344 F.3d 282, 290 (2d Cir. 2003) ("The credibility of [the plaintiff]'s statements and the weight of contradictory evidence may only be evaluated by a finder of fact.").

Plaintiffs' unsworn expert report should be disregarded and their motion denied. Further, Plaintiffs should not be allowed to cure this defect in a reply.

**D.     Defendants Lack Personal Involvement**

Because Plaintiff adduced no evidence of personal involvement of the individual Defendant in complained of issues, their motion should be denied. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) (citing *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995) (to state a claim under §1983, Plaintiff must allege facts showing Defendant's direct

and personal involvement in the alleged constitutional deprivation).

Under §1983, each Defendant can be liable only for their own actions, and none are alleged to have personally violated Plaintiff's constitutional rights. The Second Circuit recognized that "hostile work environment claims that may readily be brought against employers under Title VII do not always fit easily within the context of individual liability under §1983." *Raspardo v. Carlone*, 770 F.3d 97, 114 (2d Cir. 2014). §1983, "applies by its terms only to individual 'persons' responsible for violating plaintiffs' rights [and] to overcome a government official's claim to qualified immunity and "establish individual liability under §1983, a plaintiff must show . . . that the defendant caused the plaintiff to be deprived of a federal right." *Back v. Hastings on Hudson Union Free Sch. Dist.*, 365 F.3d 107, 122 (2d Cir.2004); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 676, (2009). If a defendant did not personally violate a plaintiff's constitutional rights, the plaintiff cannot succeed on a §1983 action against the defendant.

"The Second Circuit has defined 'personal involvement' to mean direct participation, such as 'personal participation by one who has knowledge of the facts that rendered the conduct illegal,' or indirect participation, such as 'ordering or helping others to do the unlawful acts.'" *Johnson v. City of New York*, 2017 U.S. Dist. Lexis 81359, 2017 WL 2312924, at *10 (SDNY 2017) (quoting *Provost v. City of Newburgh*, 262 F.3d 146, 155 (2d Cir. 2001) (citation omitted)).

Recently the Second Circuit explained §1983 supervisor liability:

> there is no special rule for supervisory liability. Instead, a plaintiff must plead and prove "that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. The factors necessary to establish a [§1983] violation will vary with the constitutional provision at issue" because the elements of different constitutional violations vary. The violation must be established against the supervisory official directly.

9

*Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020). Thus, to the extent Plaintiff attempts to hold any Defendant liable as a supervisor, he must show that individual had personal involvement. Plaintiff has no proof that Defendants Coleman, Wilson, Burnett, or Rinere themselves did anything deliberately indifferent to Plaintiff's serious medical need.

To state a claim under §1983, a plaintiff must allege facts showing the defendant's direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) (citing *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)). A defendant is not held liable under §1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). The Second Circuit held that "after *Iqbal*, there is no special rule for supervisory liability. Instead, a plaintiff must plead and prove that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020).

In an action under 42 U.S.C. §1983, defendants cannot be held liable under a theory of respondeat superior. *See Monell v. City of New York Dep't of Social Services*, 436 U.S. 658, 691 (1978). "Because vicarious liability is inapplicable to *Bivens* and §1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. At the supervisory level, a plaintiff must allege that a defendant specifically has a "direct and personal responsibility for the purportedly unlawful conduct of his subordinates." *Black v. United States*, 534 F.2d 524, 527-528 (2d Cir, 1976). "*Iqbal* precludes relying on a supervisor's mere knowledge of a subordinate's mental state (i.e., discriminatory or punitive intent) to infer that the supervisor shared that intent. But that is not to

say that where the supervisor condones or ratifies a subordinate's discriminatory or punitive actions the supervisor is free of [§1983's] reach." *Quezada v Roy*, 2015 US Dist LEXIS 126665, at *18 (SDNY 2015).

"Mere linkage in the prison chain of command is insufficient to implicate a state commissioner of corrections or a prison superintendent in a §1983 claim." *Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003). Broad, conclusory allegations that a high-ranking defendant was informed of an incident are also insufficient. *See, e.g., Hernandez v. Goord*, 312 F. Supp. 2d 537, 547 (SDNY 2004).

Further, receipt of letters or grievances, by itself, does not amount to personal involvement. *See Mateo v. Fischer*, 682 F. Supp. 2d 423, 431 (SDNY 2010); *Warren v. Goord*, 476 F. Supp. 2d 407, 413 (SDNY 2007); *Morgan v. Dzurenda*, 2018 U.S. Dist. LEXIS 146075, 2018 WL 4096630, at *9 (D. Conn. 2018) (an unanswered inmate request form addressed to the Warden could not establish personal liability); *Inesti v. Hogan*, 2013 U.S. Dist. LEXIS 141041, 2013 WL 5677046, at *8 (SDNY 2013) (no personal liability because "letter complaints alone do not establish personal involvement"). Here, the only allegations against Coleman and Wilson are that they received and responded to letters from Plaintiff. Regardless, neither was involved in medical decisions regarding treatment and cannot be held liable for any such medical decisions.

Accordingly, Plaintiff's motion should be denied because they failed to demonstrate the personal involvement of any individual Defendant.

**B.    The 11th Amendment Bars Plaintiffs' §1983 Claims**

Because the 11th Amendment bars §1983 claims against the state, state agencies, and state employees acting in their official capacities, Plaintiffs' motion should be denied.

The Eleventh Amendment provides states immunity in federal court. *Woods v. Rondout Valley Cent. Sch. Dist. Bd of Educ.*, 466 F.3d 232, 236 (2d Cir. 2006). The immunity applies both

to the State itself and state agencies. *McGinty v. New York*, 251 F.3d 84, 95 (2d Cir. 2001) ("The Eleventh Amendment extends immunity not only to a state, but also to entities considered 'arms of the state.'"). "New York has not consented to §1983 suits in federal court and . . . §1983 was not intended to override a state's sovereign immunity." *Mamot v. Bd. of Regents*, 367 Fed. Appx. 191, 192 (2d Cir. 2010) (internal citations omitted). A claim for money damages under §1983 against a state official in his or her official capacity "is in effect a claim against the governmental entity itself." *Lore v. City of Syracuse*, 670 F.3d 127, 164 (2d Cir. 2012) (citation omitted). Thus, the Eleventh Amendment bars official-capacity suits for money damages against New York State and its officials in their official capacities. See *Kentucky v. Graham*, 473 U.S. 159, 169 (1985).

Because the Eleventh Amendment bars Plaintiff's claims against the state, state agencies, and the individual Defendants in their official capacities, Plaintiffs' motion should be denied as against those Defendants.

**C.     Individuals cannot be liable under the ADA or Rehabilitation Act**

Plaintiffs did not bring their motion under the ADA or Rehabilitation Act, but to the extent the Court believes their motion raises such acts, because individuals cannot be liable under the ADA or Rehabilitation Act, Plaintiffs' motion should be denied. "It is well established that an individual defendant may not be held personally liable under the ADA." *Singh v. New York State Dep't of Taxation & Fin.*, 911 F. Supp.2d 223, 242 (WDNY 2012); *See Garibaldi v. Anixter, Inc.*, 407 F Supp.2d 449, 450 (WDNY 2006) ("It is well-settled in the Second Circuit that individual employees, including supervisors, cannot be held personally liable for violations of the ADA."). This includes claims of retaliation under the ADA. *Spiegel v. Schulmann*, 604 F.3d 72, 79-80 (2d Cir. 2010) (because the remedies provided in Title VII apply to the anti-retaliation provision of the ADA, individuals cannot be held liable under ADA's retaliation provision). "'Individual defendants may not be held personally liable for alleged violations of the ADA or the

12

Rehabilitation Act.' Nor can individuals be named in their official or representative capacities as defendants in ADA or Rehabilitation Act suits.'" *Harris v. Mills,* 478 F. Supp. 2d 544, 547 (SDNY 2007) (*quoting Menes v. CUNY Univ. of New York,* 92 F. Supp. 2d 294, 306 (SDNY 2000)).

## Conclusion

For the foregoing reasons Plaintiffs' motion should be denied.

November 27, 2023           **Letitia James**
                            Attorney General for the State of New York
                            *Attorney for Defendants*


                            *s/ Matthew D. Brown*
                            Matthew D. Brown
                            Assistant Attorney General
                            NYS Office of the Attorney General
                            144 Exchange Boulevard
                            Suite 200
                            Rochester, New York 14614
                            (585) 327-3257
                            matthew.brown@ag.ny.gov