UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ABDUL SHARIFF, et al.,

        Plaintiffs,

    v.

GLENN S. GOORD, et al.,

        Defendants.

Civil Index No.:
05-CV-6504-CJS-MWP

# PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Respectfully submitted,

PHILLIPS LYTLE LLP
*Class Counsel*
28 East Main Street
Suite 1400
Rochester, New York 14614-1935
Telephone No. (585) 238-2000

David L. Cook
Jared Cook
Trent J. Citarella
Tyler J. Skretny
– Of Counsel –

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT .......................................................................................... 1

STATEMENT OF FACTS ................................................................................................... 2

ARGUMENT ........................................................................................................................ 3

    I.    DEFENDANTS ACTED WITH A DELIBERATE INDIFFRENCE TO PLAINTIFFS' MEDICAL NEEDS ............................................................. 3

        A.    Defendants base their first argument in support of their motion on defendants that do not exist and their motion for summary judgment should be denied accordingly ............................................................. 3

        B.    Defendants miss the mark on their "personal involvement" argument 4

    II.    THE ELEVENTH AMENDMENT DOES NOT BAR PLAINTIFFS' CLAIMS FOR INJUNCTIVE AND DECLARATORY RELIEF ............... 6

    III.    INDIVIDUAL DEFENDANTS CAN BE SUED UNDER THE ADA AND REHABILITATION ACT .................................................................... 9

CONCLUSION ................................................................................................................... 11

## **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Albright v. Oliver*,
  510 U.S. 266 (1994) .................................................................................................. 4

*Bailey v. Bd. of Commissioners of Louisiana Stadium & Exposition Dist.*,
  441 F. Supp. 3d 321 (E.D. La. 2020) ....................................................................... 7

*Dotson v. Griesa*,
  398 F.3d 156 (2d Cir. 2005) ..................................................................................... 6

*Dube v. State Univ. of New York*,
  900 F.2d 587 (2d Cir. 1990) ..................................................................................... 6

*Dwyer v. Regan*,
  777 F.2d 825 (2d Cir. 1985) ..................................................................................... 6

*Edelman v. Jordan*,
  415 U.S. 651 (1974) .................................................................................................. 6

*Farmer v. Brennan*,
  511 U.S. 825 (1994) .................................................................................................. 5

*Garibaldi v. Anixter, Inc.*,
  407 F. Supp. 2d 449 (W.D.N.Y. 2006) ...................................................................10

*Graham v. Henderson*,
  89 F.3d 75 (2d Cir. 1996) ......................................................................................... 4

*Green v. Mansour*,
  474 U.S. 64 (1985) .................................................................................................... 7

*Hans v. La.*,
  134 U.S. 1 (1890) ...................................................................................................... 6

*Harris v. Mills*,
  572 F3d 66 (2d Cir. 2009) .......................................................................................10

*Henrietta D v. Bloomberg*,
  331 F.3d 261 (2d Cir. 2003) ................................................................................7, 10

*Papasan v. Allain*,
  478 U.S. 265 (1986) ...............................................................................................6, 7

*Reid v. City of New York*,
    2022 WL 1164524 (S.D.N.Y., 2022) ................................................................................ 5

*Salahuddin v. Goord*,
    467 F.3d 263 (2d Cir. 2006) ............................................................................................ 5

*Singh v. New York State Dep't of Taxation & Fin.*,
    911 F. Supp. 2d 223 (W.D.N.Y. 2012) ..........................................................................10

*Spiegel v. Schulmann*,
    604 F.3d 72 (2d Cir. 2010) ............................................................................................10

*Vega v. Semple*,
    963 F.3d 259 (2d Cir. 2020) ........................................................................................... 7

*Wise v. Daughtery*,
    2015 WL 4162819 (W.D.N.Y. July 9, 2015) ................................................................. 4

*Ex parte Young*,
    209 U.S. 123 (1908) ............................................................................................ 6, 7, 10

**Statutes**

42 U.S.C. § 1983 ...................................................................................... 1, 2, 3, 4, 5, 6, 10

Americans with Disabilities Act ................................................................ 1, 2, 7, 8, 9, 10, 11

Americans with Disabilities Act, 42 U.S.C. § 12101 ............................................................ 8

FMLA ...................................................................................................................................10

Rehabilitation Act ..................................................................................... 1, 2, 9, 10, 11

Rehabilitation Act Section 504 ........................................................................................ 1, 2

Rehabilitation Act Section 704, 29 U.S.C. § 794 .............................................................. 8

**Other Authorities**

U.S. Const. amend. XI ................................................................................................ 1, 6, 7

U.S. Constitution 8th Amendment ............................................................................. 1, 2, 4, 8, 9

## PRELIMINARY STATEMENT

Plaintiffs, and the class they represent, are or were "prisoners in the custody of the New York State Department of Correctional and Community Supervision who suffer from a mobility disability limiting one or more of the prisoner's major life activities and that requires the use of a wheelchair." Dkt. 213 (Order certifying the class). Plaintiffs brought this civil rights action to vindicate their constitutional and statutory rights that have been denied by Defendants[1] for far too long. The lawsuit seeks injunctive and declaratory relief, monetary damages, and reasonable attorneys' fees. Dkt. 84, "Third Am. Compl.", ¶ 1.

Defendants have filed the current motion for summary judgment seeking judgment as a matter of law on: Plaintiffs' Eighth Amendment claim brought under § 1983 as against the *individual defendants*; Plaintiffs' claim for violation of Section 504 of the Rehabilitation Act, and Plaintiffs' claim for violation of the Americans with Disabilities Act ("ADA"). Defendants claim these claims should be dismissed as a matter of law on the basis that (i) the individual Defendants lack personal involvement in the § 1983 violations, (ii) the Eleventh Amendment bars Plaintiffs' § 1983 claims, and (iii) individuals cannot be liable under the ADA or Rehabilitation Act. Dkt. 241.

Defendants, however, misapply the law and facts, and their motion for summary judgment should be denied for the reasons set forth in more detail below. Chiefly, (i) Defendants' policies and practices violated § 1983, (ii) Defendants have engaged in

---

[1] The defendants, The New York State Department of Corrections and Community Supervision, Glenn S. Goord, William Phillips, J. Peter Gregoire, M.D., Stephen Bernardi, Lester N. Wright, MPH, Brian S. Fischer, Robert Raymond, John H. Nuttall, Thomas G. Eagen, Thomas M. Poole, Lawrence Weingartner, Sheryl Zenzen, Daniel Weinstock, Menally, Winegardner, Napoli, Ritchi-Carter, Lawrence Sears, John R. Demars, Glen Champagne, M.D., Lori Mantory, Michael Giambruno, Gerald Elmore, Habib Shieki, M.D., Dave Unger, Jim Lindsay, Sherry Montanari, Robinson, R.N., James Conway, Sandra Dolce, Richard Apps, Robert Ercole, Robert Cunningham, Delores Thornton, Frederick Bernstein, Totten, Kaiser, Robert K. Woods, Maria B. Tirone, Evelyn Weissman, Charles Devane, Pippen, R.N., Mohrning, are collectively referred to in this Memorandum as "Defendants".

ongoing violations of federal and Constitutional law and the relief sought by Plaintiffs is prospective in nature, and (iii) it is well established that ADA and Rehabilitation Act claims which seek prospective relief asserted against individual defendants, in their official capacity, are not precluded.

The Court should deny Defendants motion for summary judgment.

## STATEMENT OF FACTS

The Court is referred to Plaintiffs motion for summary judgment (Dkt. 242), the accompanying memorandum of law in support (Dkt. 242-3), Plaintiffs Statement of Material Facts (Dkt. 242-1), the Declaration of David L. Cook (Dkt. 242-2), and Plaintiffs' response to Defendants' statement of undisputed facts (filed herewith) for a more complete recitation of the facts.

Briefly, Plaintiffs, and the class they represent, are or were "prisoners in the custody of the New York State Department of Correctional and Community Supervision who suffer from a mobility disability limiting one or more of the prisoner's major life activities and that requires the use of a wheelchair." Dkt. 213 (Order certifying the class).

Due to their ambulatory disabilities, Plaintiffs are wheelchair bound and are required to self-catheterize. Defendants violated § 1983 and Plaintiffs Eighth Amendment rights by supplying Plaintiffs with improperly sized, and an insufficient supply of, catheters. Defendants force Plaintiffs to reuse, single-use catheters that are improperly sized, causing, among other things: pain, bleeding, and UTIs. This policy falls well-below any applicable standard of care and Defendants' own expert relies upon a report that confirms the same (*See* Dkt. 242-8, pp. 6-7). Defendants fail to comply with Section 504 of the Rehabilitation

Act and with the ADA by designing, constructing, and maintaining the DOCCS facilities[2] in a manner that violates federal accessibility standards.

# ARGUMENT

## I. DEFENDANTS ACTED WITH A DELIBERATE INDIFFRENCE TO PLAINTIFFS' MEDICAL NEEDS

### A. Defendants base their first argument in support of their motion on defendants that do not exist and their motion for summary judgment should be denied accordingly

First, Plaintiffs note Defendants' first argument is fatally flawed and their motion for summary judgement should be denied outright because of it. In Point A of Defendants' memorandum of law in support of their motion for summary judgment, Defendants claim:

- Plaintiffs have "no proof Defendants Coleman, Wilson, Burnett, or Rinere themselves did anything deliberately indifferent to Plaintiff's serious medical need." (Dkt. 241-3, p. 3).

- "[T]he only allegations against Coleman and Wilson are that they received and responded to letters from Plaintiff. Regardless, neither was involved in medical decisions regarding treatment and cannot be held liable for any such medical decisions." (*Id.* at p. 5).

- "Accordingly, Plaintiff's § 1983 claims should be dismissed against the individuals Defendants for lack of personal involvement and failure to state a claim." (*Id.*).

Defendants argument fails because none of these named individuals are defendants in this case. "Defendants" Coleman, Wilson, Burnett, and Rinere do not exist in this case and Plaintiffs are unable to discern who Defendants attempted to make this

---

[2] The facilities under the control of DOCCS, and at which the named Plaintiffs were or are incarcerated, (*e.g.,* Five Points Correctional Facility, Green Haven Correctional Facility, Franklin Correctional Facility, Wyoming Correctional Facility, Attica Correctional Facility, Upstate Correctional Facility, and/or Orleans Correctional Facility) are collectively referred to in this Memorandum as the "DOCCS Facilities."

argument on the behalf of.[3]  Accordingly, Defendants' first argument in support of their motion for summary judgment is meritless and it should be disregarded in its entirety.

To the extent the Court is inclined to entertain Defendants argument, it fails regardless.

### B. Defendants miss the mark on their "personal involvement" argument

Plaintiffs respectfully direct the Court to their motion for summary judgment (Dkt. 242) for a more in-depth discussion on Defendants violation of § 1983 and the deprivation of Plaintiffs' Eighth Amendment rights.

Section 1983 provides a remedy to individuals who have suffered a deprivation of their constitutional rights at the hands of officials acting under color of state law.  *E.g. Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996) (quoting Section 1983) "Though not itself a source of substantive rights, [Section 1983] is a vehicle by which citizens may seek to vindicate rights conferred elsewhere."  *Wise v. Daughtery*, 2015 WL 4162819, at *4 (W.D.N.Y. July 9, 2015) (citing *Albright v. Oliver*, 510 U.S. 266, 270 (1994)).  Here, Plaintiffs bring their Section 1983 claim to vindicate their rights guaranteed by the Eighth Amendment.

First, Plaintiffs recognize Defendants only move for summary judgment on claims brought through § 1983 as they pertain to the *individual defendants*.  Defendants make no such argument as to defendant New York State Department of Corrections and Community Supervision.  As noted above, it is unclear who these individual defendants are because the memorandum of law cites defendants that do not exist.

---

[3] To the extent Defendants attempt to remedy this fatal flaw in their reply, the Court should disregard it in its entirety because to do so otherwise would prejudice the rights of Plaintiffs by denying them a meaningful opportunity to respond thereto.

Second, Defendants argument can be summarized in one line: Plaintiffs fail to demonstrate personal involvement of the *individual defendants* and therefore Defendants are entitled to judgment as a matter of law on claims brought under § 1983 against the *individual defendants*.

Defendants, however, misapply the personal involvement test as to individual defendants. In medical treatment cases—as this one is based on Defendants' policy and practice of forcing Plaintiffs to re-use single use catheters that were improperly sized—"it suffices if the plaintiff proves that the official acted with deliberate indifference to inmate health." *Reid v. City of New York*, 2022 WL 1164524, at * 7 (S.D.N.Y., 2022) (quoting *Salahuddin v. Goord*, 467 F.3d 263, 280 (2d Cir. 2006). A plaintiff can establish an official acted with deliberate indifference to inmate health through "'inference from circumstantial evidence', including 'from the very fact that the risk was obvious.'" *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 842 (1994).

Here, it is beyond dispute that Defendants forced Plaintiffs to: (i) re-use single use catheters that were expressly labeled as single-use catheters; and (ii) use catheters that were not properly sized. Despite numerous grievances regarding the same, Defendants continued this practice for years. It cannot be seriously disputed that the risk of requiring Plaintiffs to endure this was anything but "obvious." In fact, the risk became objectively apparent to Defendants as Plaintiffs filed grievance after grievance relating to bleeding, pain, and UTIs caused as a direct result of these actions. Therefore, the individual defendants acted with a deliberate indifference towards Plaintiffs' health through subjecting Plaintiffs to risks that were obvious.

Accordingly, Defendants "personal involvement" argument fails and Defendants motion for summary judgment should be dismissed.

## II. THE ELEVENTH AMENDMENT DOES NOT BAR PLAINTIFFS' CLAIMS FOR INJUNCTIVE AND DECLARATORY RELIEF

The Court should deny Defendant's Motion for Summary Judgment regarding Plaintiffs' § 1983 claims against state officials in their official capacity because Defendants have engaged in ongoing violations of federal and Constitutional law and the relief sought by Plaintiffs is prospective in nature.

By its terms, the Eleventh Amendment only bars claims against a state by citizens of another state. U.S. Const. amend. XI. Nevertheless, the Supreme Court has held that the principle of sovereign immunity underlying the amendment also generally bars claims against a state by its own citizens in federal court. *See Hans v. La.*, 134 U.S. 1 (1890). That principle, however, only applies to claims for money damages, not to claims for declaratory and prospective injunctive relief. *See Dotson v. Griesa*, 398 F.3d 156, 178-79 (2d Cir. 2005) (citing *Edelman v. Jordan*, 415 U.S. 651, 668, (1974); *Dwyer v. Regan*, 777 F.2d 825, 836 (2d Cir. 1985))

The reason for this is that unconstitutional actions by a state are void and not entitled to sovereign immunity and the Eleventh Amendment therefore does not bar suits against a state official acting in his official capacity to enjoin unconstitutional actions. *See Ex parte Young*, 209 U.S. 123, 148, 159–60 (1908); *Papasan v. Allain*, 478 U.S. 265, 276 (1986); *see also Dube v. State Univ. of New York,* 900 F.2d 587, 595 (2d Cir. 1990). Therefore, such state officials, despite acting in their official capacity, may be sued in federal court to

enjoin unconstitutional conduct, notwithstanding the principle of sovereign immunity underlying the Eleventh Amendment.

This principle applies to "cases in which a violation of federal law by a state official is ongoing" and "cases in which the relief against the state official directly ends the violation of federal law." *Papasan*, 478 U.S at 277-278. This is true because "[r]emedies designed to end a continuing violation of federal law are necessary to vindicate the federal interest in assuring the supremacy of that law." *Id.* (quoting *Green v. Mansour,* 474 U.S. 64, 68, (1985)). Therefore, under the *Ex parte Young* exception to sovereign immunity, plaintiffs may bring suit against individuals in their official capacity provided that the suit is for prospective relief to end an ongoing violation of federal law. *See Vega v. Semple*, 963 F.3d 259, 281 (2d Cir. 2020).

This exception applies to the claims in this action. In *Vega v. Semple*, for example, the Second Circuit held that deliberate indifference claims against state officials in their official capacities was not barred by the Eleventh Amendment. *Vega*, 963 F.3d at 259. The court held that "[t]his alleged ongoing constitutional violation—deliberate indifference to serious medical needs of incarcerated persons—is the type of continuing violation for which a remedy may permissibly be fashioned under *Ex parte Young*." *Id.* at 282.

And in *Henrietta D v. Bloomberg*, 331 F.3d 261 (2d Cir. 2003), the Second Circuit held that the *Ex parte Young* exception to applied to claims for injunctive relief under the ADA. *Id.* at 287–88; *see also Bailey v. Bd. of Commissioners of Louisiana Stadium & Exposition Dist.*, 441 F. Supp. 3d 321 (E.D. La. 2020) (holding the Ex parte Young exception applicable where plaintiff brought suit seeking injunctive relief under the ADA alleging

Louisiana state official in his official capacity failed to make stadium readily and fully accessible and useable to wheelchair-bound individuals).

The same is true here. State officials, in their official capacity, have engaged in ongoing violations of both federal and Constitutional law. Specifically, there are ongoing violations of Section 704 of the Rehabilitation Act, 29 U.S.C. § 794, and the Americans with Disabilities Act, 42 U.S.C. § 12101, as well as the Eighth Amendment.

Therefore, the Plaintiffs maintain this action against the following Defendants in their official capacity as state officials:

- Brian Fischer - Acting Commissioner of DOCS;
- Lester N. Wright, M.D.., M.P.H, Deputy Commissioner/Chief Medical Officer for DOCS;
- Stephen Bernardi - DOCS Deputy Commissioner of Policy and Compliance Review;
- Robert Raymond - Americans with Disabilities Act Coordinator for DOCS;
- Lawrence Weingartner - Former Deputy Superintendent of Programs at Five Points;
- Sheryl Zenzen - Deputy Superintendent of Programs at Five Points;
- Lawrence Sears - Superintendent of Franklin;
- John R. Demars, Deputy Superintendent of Programs at Franklin,
- Glen Champagne - M.D., Medical Director at Franklin;
- Lori Mantroy - Nurse Administrator at Franklin;
- Michael Giambruno - Superintendent of Wyoming;
- Gerald Elmore - Deputy Superintendent of Programs at Wyoming;
- Habib Shieky - M.D., Health Services Director at Wyoming;
- Dave Unger - Superintendent of Orleans,
- Jim Lindsay - Deputy Superintendent of Programs at Orleans,
- Sherry Montanari - Nurse Administrator at Orleans;
- James Conway - Superintendent of Attica;

- Sandra Dolce - Deputy Superintendent of Programs at Attica;
- Richard Apps - Medical Administrator at Attica;
- Robert Ercole - Superintendent of Green Haven;
- Robert Cunningham - Deputy Superintendent of Programs at Green Haven;
- Delores Thornton - former Deputy Superintendent of Programs at Green Haven;
- Frederick Bernstein - Facilities Medical Director at Green Haven;
- Robert K. Woods - Superintendent of Upstate;
- Maria B. Tirone - Deputy Superintendent of Programs at Upstate; and
- Evelyn Weissman - Facility Health Services Director at Upstate.

The relief requested by Plaintiffs to remedy Defendants' statutory and Constitutional violations is prospective. Sovereign immunity therefore does not bar Plaintiffs' claims against state officials, sued in their official capacity, because those officials are responsible for committing ongoing violations of federal law under the ADA and Rehabilitation Act and under the 8th Amendment of the U.S. Constitution.

### III.   INDIVIDUAL DEFENDANTS CAN BE SUED UNDER THE ADA AND REHABILITATION ACT

The Court should deny Defendants' Motion for Summary Judgment regarding Plaintiffs' ADA and Rehabilitation Act claims against individual defendants because the claims are against state officials in their official capacity and the relief sought by Plaintiffs is prospective in nature.

Defendants argument that Plaintiffs' ADA and Rehabilitation Act claims should be dismissed fails for two reasons. First, Defendants ignore that fact that for the purpose of the ADA and Rehabilitation Act claims the individual defendants are sued in

there official capacities (*See* Third Am. Compl. ¶ 60).  Second, the case law relied upon in Defendants' Memorandum of Law is either distinguishable or is no longer good law.

        The majority of the cases cited by Defendants in support of their claim that individuals cannot be liable under the ADA or Rehabilitation Act do not address individuals named in in there official capacities.  *See Singh v. New York State Dep't of Taxation & Fin.*, 911 F. Supp. 2d 223, 238  (W.D.N.Y. 2012) (alleging ADA and FMLA claims against Erie County Community College and individually against the interim president); *Garibaldi v. Anixter, Inc.*, 407 F. Supp. 2d 449, 450 (W.D.N.Y. 2006) (alleging ADA claims against former employer and four individual employees); *Spiegel v. Schulmann*, 604 F.3d 72 (2d Cir. 2010) (alleging wrongful termination against a karate school management company and the individual who directed the termination).  Because these cases do not address the issue of whether an individual can be sued in there official capacity, they have no relevance to this case.  *See supra* Point II (listing all individual defendants sued in there official capacity); Third Am. Compl. ¶ 60 ("All defendants sued in their individual capacity are sued in that capacity for the purpose of the named plaintiffs' claims under 42 U.S.C. § 1983).

        The one case Defendants rely on that does address individuals named in their official capacities was overruled on appeal.  *See Harris v. Mills*, 572 F3d 66, 73 (2d Cir. 2009).  In *Harris,* the court states "that Title II and Rehabilitation Act suits for prospective injunctive relief may, under the doctrine established in *Ex parte Young* . . . proceed against individual officers in their official capacity."  *Id.* at 72 (citing *Henrietta D.,* 331 F3.d at 289 ("[T]here is no basis for holding that the ADA or Rehabilitation Act intended to create the kind of comprehensive enforcement scheme that would preclude prospective injunctive

- 10 -

relief against a state official in her official capacity."). The Second Circuit held that the lower courts holding, relied on by Defendants, "was contrary to *Henrietta D.*, by which we are of course bound."

Contrary to Defendants' claims, it is well established that ADA and Rehabilitation Act claims which seek prospective relief asserted against individual defendants in their official capacity are in no way precluded. To state otherwise is a misrepresentation of the law. Therefore, Defendants' Motion for Summary Judgment regarding Plaintiffs' ADA and Rehabilitation Act claims should be denied.

## CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment should be denied in its entirety.

| | |
|---|---|
| Dated: Rochester, New York<br>November 27, 2023 | PHILLIPS LYTLE LLP<br><br>By:  /s/ *David L. Cook*<br>　　　David L. Cook<br>　　　Trent J. Citarella<br>　　　Tyler J. Skretny<br>*Class Counsel*<br>28 East Main Street<br>Suite 1400<br>Rochester, New York 14614-1935<br>Telephone No. (585) 238-2000<br>dcook@phillipslytle.com<br>tcitarella@phillipslytle.com<br>tskretny@phillipslytle.com<br><br>*and*<br><br>TULLY RINCKEY PLLC<br><br>Jared Cook<br>*Class Counsel*<br>400 Linden Oaks Suite 110<br>Rochester, New York 14625<br>Telephone No. (585) 899-1408<br>jcook@tullylegal.com |

Doc #5075444