UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

———————————————————————

ABDUL SHARIFF, et al.,

                    Plaintiffs,

        v.

GLENN S. GOORD, et al.,

                  Defendants.

———————————————————————

**RESPONSE TO DEFENDANTS' RULE 56 STATEMENT OF UNDISPUTED FACTS**

Case No. 05-cv-6504

**PLAINTIFFS' STATEMENT OPPOSING
DEFENDANTS' STATEMENT OF UNDISPUTED FACTS**

Pursuant to Rule 56(a)(2) of the Local Rules of Civil Procedure for the Western District of New York, Plaintiffs and the class they represent, hereby submit this Opposing Statement in Response to Defendants' Statement of Undisputed Facts (Dkt. 241-2).

      1.      On May 29, 2007, Plaintiffs filed their Third Amended Complaint (the "Complaint") (ECF #84).

**Response**:  Admitted.

      2.      Plaintiff Abdul Shariff was released from DOCCS custody on June 8, 2010 (see **Exhibit A** to the Brown Declaration).  Thus, any claims for declaratory or injunctive relief by Plaintiff Shariff must be dismissed as moot.

**Response**:  Qualified Admission.  Plaintiffs admit only that Abdul Shariff was released from the custody of the New York State Department of Correctional and

Community Supervision ("DOCCS") on June 8, 2010 and deny the remainder of Paragraph 2 as a legal conclusion to which no response is required.

3.     Plaintiff Divine Allah was released from DOCCS custody on May 11, 2017 (see **Exhibit B** to the Brown Declaration).  Thus, any claims for declaratory or injunctive relief by Plaintiff Shariff must be dismissed as moot.

**Response**:  Qualified Admission.  Plaintiffs admit only that Divine Allah was released from the custody of DOCCS on May 11, 2017 and deny the remainder of Paragraph 3 as a legal conclusion to which no response is required.

4.     Plaintiff James Wess remains in DOCCS custody and is currently housed at Mowhawk Correctional Facility.

**Response**:  Admitted.

5.     The following chart identifies whether the Defendant is sued in his/her Individual or Official Capacity:

| Last | First | Individual capacity and/or Official Capacity |
|---|---|---|
| Apps | Richard | Official Capacity |
| Bernardi | Stephen | Official Capacity |
| Bernstein | Frederick | Official Capacity |
| Carter-Ritchie | Jaymi | Individual Capacity |
| Champagne | Glen | Official Capacity |
| Conway | James | Official Capacity |
| Cunningham | Robert | Official Capacity |
| Demars | John | Official Capacity |
| Devane | Charles | Individual Capacity |
| Dolce | Sandra | Official Capacity |
| Eagen | Thomas | Individual Capacity |
| Elmore | Gerald | Official Capacity |

| Last | First | Individual capacity and/or Official Capacity |
|------|-------|----------------------------------------------|
| Ercole | Robert | Official Capacity |
| Fischer | Brian | Official Capacity |
| Giambruno | Michael | Official Capacity |
| Goord | Glenn | Individual Capacity |
| Gregoire | J. Peter | Individual Capacity |
| Keyser | William | Individual Capacity |
| Lindsay | Jim | Official Capacity |
| Montroy | Lori | Official Capacity |
| Mohring | Greg | Individual Capacity |
| Montanan | Sherry | Official Capacity |
| Napoli | David | Individual Capacity |
| Nuttall | John | Individual Capacity |
| Phillips | William | Individual Capacity |
| Pepin | Donna | Individual Capacity |
| Poole | Thomas | Individual Capacity |
| Raymond | Robert | Official Capacity |
| Robinson | Robin | Individual Capacity |
| Sears | Lawrence | Official Capacity |
| Shiekh | Habib MD | Official Capacity |
| Thornton | Delores | Individual Capacity / Official Capacity |
| Tirone | Maria | Official Capacity |
| Totten | William | Individual Capacity |
| Unger | Dave | Official Capacity |
| Weingartner | Lawrence | Individual Capacity / Official Capacity |
| Weinstock | Daniel | Individual Capacity |
| Weissman | Evelyn | Official Capacity |
| Woods | Robert | Official Capacity |
| Wright | Lester | Individual Capacity / Official Capacity |
| Zenzen | Sheryl | Official Capacity |

Brown Declaration, ¶10.

**Response**: Denied. Plaintiffs direct the Court to the Third Amended Complaint for a complete and accurate description of the claims (Dkt. 84). This list appears to contain a typo, as no mention of William Keyser appears in the complaint. Additionally, Defendants' list is missing Defendant Menally, sued in his individual capacity. (Third Am. Compl. ¶ 31).

6.     Thus, the only Defendants sued in their individual capacities are: Jaymi Carter-Ritchie, Charles Devane, Thomas Eagen, J. Peter Gregoire, William Keyser, Greg Mohring, David Napoli, John Nutall, William Phillips, Donna Pepin, Thomas Poole, Delores Thornton, William Totten, Lawrence Weingartner, Daniel Weinstock, and Lester Wright. (Brown Declaration, ¶11)

**Response**: Denied. Defendants Glenn Goord, Robin Robinson, and Menally were also sued in their individual capacities. Plaintiffs also note that Delores Thornton, Lawrence Weingartner, and Lester Wright were also sued in the Official Capacity. Plaintiffs direct the Court to the Third Amended Complaint for a complete and accurate description of the claims. (Dkt. 84).

7.     To break it down further, the following medical professionals are sued in their individual capacities:

> Defendants Jaymi Carter-Ritchie, J. Peter Gregoire, Greg Mohring, Daniel Weinstock, and Lester Wright.

(Brown Declaration, ¶12)

**Response**: Denied. Defendant Donna Pippen, R.N. and Lori Mantroy and Robin Robinson, R.N. are also sued in his/her individual capacity. Plaintiffs also note that Glen Champangne, M.D., Habib Shieky, M.D., Richard Apps, Frederick Bernstein, Evelyn

Weissman, Sherry Montanari, Lawrence Weingartner, and Lester Wright were also sued in the Official Capacity.  Plaintiffs direct the Court to the Third Amended Complaint for a complete and accurate description of the claims (Dkt. 84).

        8.     The following non-medical professionals are sued in their individual capacities:

> Defendants Charles Devane, Thomas Eagen, William Keyser, David Napoli, John Nutall, William Phillips, Donna Pepin, Thomas Poole, Delores Thornton, William Totten, and Lawrence Weingartner.

(Brown Declaration, ¶13)

**Response**:  Denied.  Plaintiffs direct the Court to the Third Amended Complaint for a complete and accurate description of the claims (Dkt. 84).  This list appears to contain multiple typos.  Additionally, Donna Peppin, R.N. is a medical professional.

        9.     The remaining Defendants are sued in their official capacities only. (Brown Declaration, ¶14)

**Response**:  Denied.  Plaintiffs direct the Court to the Third Amended Complaint for a complete and accurate description of the claims (Dkt. 84).

        10.    Plaintiffs moved for class certification on March 30, 2009 (ECF #172).

**Response**:  Admitted.

        11.    Defendants opposed class certification.  (Brown Declaration, ¶16)

**Response**:  Admitted.

        12.    By Decision and Order dated October 4, 2019 (ECF #213), the Court noted that Plaintiffs' "seek only certification on their claims for declaratory and injunctive relief, not the damages claims concerning any injuries."  (ECF #213, p. 8).  Thus, the certified class is only certified for injunctive and declaratory relief, not monetary damages.

**Response**:  Denied.  Plaintiffs direct the Court the Decision and Order (Dkt. 213) for a complete and accurate description of the class certification.

      13.     The Court certified the following class:

> Plaintiffs and all prisoners in the custody of the New York State Department of Correctional and Community Supervision who suffer from a mobility disability limiting one or more of the prisoner's major life activities and that requires the use of a wheelchair.

(ECF #213, p. 10).

      **Response**:  Admitted.

      14.     By Decision and Order dated March 31, 2021, the Court dismissed Plaintiff's Fifth Cause of Action for "supervisory liability" and denied the remainder of Defendants' motion.  (ECF #9, ¶18).

      **Response**:  Denied.

## FACTS

      16.     Dr. Richard Apps was or had been the Facility Medical Administrator at Attica Correctional Facility at the time the Complaint was filed.  (Brown Declaration, ¶16)

      **Response**:  Admitted.

      17.     Stephen Bernardi was or had been the DOCCS Deputy Commissioner of Policy and Compliance Review at the time the Complaint was filed.  (Brown Declaration, ¶17)

      **Response**:  Admitted.

      18.     Dr. Frederick Bernstein was or had been the Facility Medical Director at Green Haven CF at the time the Complaint was filed.  (Brown Declaration, ¶18)

**Response**:  Admitted.

19.    Jaymi Carter-Ritchie was or had been a Registered Nurse at Five Points Correctional Facility at the time the Complaint was filed.  (Brown Declaration, ¶19)

**Response**:  Admitted.

20.    Dr. Glen Champagne was or had been the Facility Medical Director at Franklin Correctional Facility at the time the Complaint was filed.  (Brown Declaration, ¶20)

**Response**:  Admitted.

21.    James Conway was or had been the Superintendent at Attica Correctional Facility at the time the Complaint was filed.  (Brown Declaration, ¶21)

**Response**:  Admitted.

22.    Robert Cunningham was or had been the Deputy Superintendent of Programs at Greenhaven Correctional Facility at the time the Complaint was filed.  (Brown Declaration, ¶22)

**Response**:  Admitted.

23.    John Demars was or had been the Deputy Superintendent of Programs at Franklin Correctional Facility at the time the Complaint was filed.  (Brown Declaration, ¶23)

**Response**:  Admitted.

24.    Charles Devane was or had been the DOCCS Deputy Commissioner of Administrative Services at the time the Complaint was filed.  (Brown Declaration, ¶24)

**Response**:  Admitted.

25.     Sandra Dolce was or had been the Deputy Superintendent of Programs at Attica Correctional Facility at the time the Complaint was filed.  (Brown Declaration, ¶25)

**Response**:  Admitted.

26.     Thomas Eagen was or had been the DOCCS Director of the Inmate Grievance Program at the time the Complaint was filed.  (Brown Declaration, ¶26)

**Response**:  Admitted.

27.     Gerald Elmore was or had been the Deputy Superintendent of Programs at Wyoming Correctional Facility at the time the Complaint was filed.  (Brown Declaration, ¶27)

**Response**:  Admitted.

28.     Robert Ercorle was or had been the Superintendent at Green Haven Correctional Facility at the time the Complaint was filed.  (Brown Declaration, ¶28)

**Response**:  Denied.  This defendant's name appears to be a misspelling.  Plaintiffs admit defendant Robert Ercole was or is the Superintendent at Green Haven Correctional Facility (Dkt. 84, ¶ 50).

29.     Brian Fischer was or had been the Acting Commissioner of DOCCS at the time the Complaint was filed.  (Brown Declaration, ¶29)

**Response**:  Admitted.

30.     Michael Giambruno was or had been the Superintendent of Wyoming Correctional Facility at the time the Complaint was filed.  (Brown Declaration, ¶30)

**Response**:  Admitted.

31.     Glenn Goord was or had been a former Commissioner of DOCCS at the time the Complaint was filed.  (Brown Declaration, ¶31)

**Response**:  Admitted.

32.     Dr. J. Peter Gregoire was or had been a part-time Facility Medical Director at Five Points CF at the time the Complaint was filed.  (Brown Declaration, ¶32)

**Response**:  Admitted.

33.     William Keyser was or had been a Correctional Lieutenant at Green Haven Correctional Facility at the time the Complaint was filed.  (Brown Declaration, ¶33)

**Response**:  Denied.  Plaintiffs direct the Court to the Third Amended Complaint for a complete and accurate description of the claims (Dkt. 84).  No mention of William Keyser appears in the complaint.

34.     Jim Lindsay was or had been the Deputy Superintendent of Programs at Orleans Correctional Facility at the time the Complaint was filed.  (Brown Declaration, ¶34)

**Response**:  Admitted.

35.     Lori Montroy was or had been the Nurse Administrator at Franklin Correctional Facility at the time the Complaint was filed.  (Brown Declaration, ¶35)

**Response**:  Denied.  This defendant's name appears to be a misspelling.  Plaintiffs admit defendant Lori Mantroy was or is the Nurse Administrator at Franklin Correctional Facility (Dkt. 84, ¶ 38).

36.     Dr. Greg Mohring was or had been the Facility Medical Director at Wyoming Correctional Facility at the time the Complaint was filed.  (Brown Declaration, ¶36)

**Response**: Denied. This defendant's name appears to be a misspelling. Plaintiffs admit defendant Mohrning was or is a Medical Director at Wyoming Correctional Facility (Dkt. 84, ¶ 42).

37.    Sherry Montanari was or had been the Nurse Administrator at Orleans Correctional Facility at the time the Complaint was filed. (Brown Declaration, ¶37)

**Response**: Admitted.

38.    David Napoli was or had been the Deputy Superintendent of Security at Orleans Correctional Facility at the time the Complaint was filed. (Brown Declaration, ¶38)

**Response**: Denied. Defendant David Napoli was or is a Deputy Superintendent of Security at Five Points Correctional Facility (Dkt. 84, ¶ 32).

39.    John Nuttall was or had been the DOCCS Deputy Commissioner of Programming at the time the Complaint was filed. (Brown Declaration, ¶39)

**Response**: Admitted.

40.    William Phillips was or had been the Superintendent at Greenhaven Correctional Facility at the time the Complaint was filed. (Brown Declaration, ¶40)

**Response**: Admitted.

41.    Donna Pepin was or had been a Registered Nurse at Franklin Correctional Facility at the time the Complaint was filed. (Brown Declaration, ¶41)

**Response**: Denied. This defendant's name appears to be a misspelling. Plaintiffs admit defendant Pippen was or is a Registered Nurse at Franklin Correctional Facility (Dkt. 84, ¶ 36).

42.     Thomas Poole was or had been the Superintendent of Five Points Correctional Facility at the time the Complaint was filed.  (Brown Declaration, ¶42)

**Response**:  Admitted.

43.     Robert Raymond was or had been the DOCCS ADA Coordinator at the time the Complaint was filed.  (Brown Declaration, ¶43)

**Response**:  Admitted.

44.     Robin Robinson was or had been a nurse at Orleans Correctional Facility at the time the Complaint was filed.  (Brown Declaration, ¶44)

**Response**:  Admitted.

45.     Lawrence Sears was or had been the Superintendent of Franklin Correctional Facility at the time the Complaint was filed.  (Brown Declaration, ¶45)

**Response**:  Admitted.

46.     Dr. Habib Shiekh was or had been the Facility Health Services Director at Wyoming Correctional Facility at the time the Complaint was filed.  (Brown Declaration, ¶46)

**Response**:  Denied.  This defendant's name appears to be a misspelling.  Plaintiffs admit defendant Habib Shieky, M.D. was or is the Health Services Director at Wyoming Correction Facility (Dkt. 84, ¶ 41).

47.     Delores Thornton was or had been the Deputy Superintendent of Programs at Green Haven Correctional Facility at the time the Complaint was filed. (Brown Declaration, ¶47)

**Response**:  Admitted.

48.     Maria Tirone was or had been the Deputy Superintendent of Programs at Upstate Correctional Facility at the time the Complaint was filed.  (Brown Declaration, ¶48)

**Response**:  Admitted.

49.     William Totten was or had been the Deputy Superintendent of Security at Green Haven Correctional Facility at the time the Complaint was filed.  (Brown Declaration, ¶49)

**Response**:  Admitted.

50.     Dave Unger was or had been the Superintendent of Orleans Correctional Facility at the time the Complaint was filed.  (Brown Declaration, ¶50)

**Response**:  Admitted.

51.     Lawrence Weingartner was or had been the Deputy Superintendent of Programs at Five Points Correctional Facility at the time the Complaint was filed.  (Brown Declaration, ¶51)

**Response**:  Admitted.

52.     Dr. Daniel Weinstock was or had been the Facility Health Services Director at Five Points Correctional Facility at the time the Complaint was filed.  (Brown Declaration, ¶52)

**Response**:  Admitted.

53.     Dr. Evelyn Weissman was or had been the Facility Health Services Director at Upstate Correctional Facility at the time the Complaint was filed.  (Brown Declaration, ¶53)

**Response**:  Admitted.

54.    Robert Woods was or had been the Superintendent of Upstate Correctional Facility at the time the Complaint was filed.  (Brown Declaration, ¶54)

**Response**:  Admitted.

55.    Lester Wright was or had been the DOCCS Chief Medical Officer at the time the Complaint was filed.  (Brown Declaration, ¶55)

**Response**:  Admitted.

56.    Sheryl Zenzen was or had been the Deputy Superintendent of Programs at Five Points Correctional Facility at the time the Complaint was filed.  (Brown Declaration, ¶56)

**Response**:  Admitted.

57.    Defendant Menally was never served, never answered, and never appeared in this action and should be dismissed.  (Brown Declaration, ¶57)

**Response**:  Qualified Admission.  Plaintiffs admit only that Menally was never served, never answered, and never appeared in this action and deny the remainder of Paragraph 57 as a legal conclusion to which no response is required.

58.    Of the remaining Defendants, only Defendant Robin Robinson (now Neal) is still employed by DOCCS.  (Brown Declaration, ¶58)

**Response**:  Plaintiffs lack information or knowledge sufficient to form a belief as to the truth or falsity of the statements contained in Paragraph 58.

59.    Defendants Stephen Bernardi, James Conway, Robert Cunningham, John Demars, Charles Devane, Sandra Dolce, Thomas Eagen, Gerald Elmore, Robert Ercorle, Brian Fischer, Michael Giambruno, Glenn Goord, William Keyser, Jim Lindsay, Sherry Montana, David Napoli, John Nuttall, William Phillips, Thomas Poole, Robert

Raymond, Lawrence Sears, Delores Thornton, Maria Tirone, William Totten, Dave Unger, Lawrence Weingartner, Robert Woods, and Sheryl Zenzen were not medical professionals, did not provide medical care to inmates, and had no input into medical decisions regarding the treatment of inmates. (Brown Declaration, ¶60)

**Response**:   Denied.  Plaintiffs direct the Court to the Third Amended Complaint for a complete and accurate description of the claims (Dkt. 84).

60.     These Defendants had no input into what kind of catheters to provide inmates, how many catheters to provide inmates, or how often catheters were provided to inmates.  (Brown Declaration, ¶61)

**Response**:   Denied.  Plaintiffs direct the Court to the Third Amended Complaint for a complete and accurate description of the claims (Dkt. 84).

61.     Plaintiffs adduced no evidence of personal involvement by any of these Defendants showing any of these Defendants had personal involvement in decision relating to catheters.  (Brown Declaration, ¶62)

**Response**:   Denied.  Plaintiffs direct the Court to the Third Amended Complaint for a complete and accurate description of the claims (Dkt. 84).

62.     These Defendants had no personal involvement in decisions relating to provision of catheters to inmates.  (Brown Declaration, ¶63)

**Response**:   Denied.  Plaintiffs direct the Court to the Third Amended Complaint for a complete and accurate description of the claims (Dkt. 84).

63.     Defendant Dr. Lester Wright as the former Chief Medical Officer for DOCCS did not examine or treat inmates.  (Brown Declaration, ¶65)

**Response**:  Denied.  Plaintiffs direct the Court to the Third Amended Complaint for a complete and accurate description of the claims (Dkt. 84*; see also id.* at ¶¶ 21, 93).

64.     Plaintiffs adduced no evidence that Dr. Wright was personally involved deciding how many catheters to provide to inmates, when to provide catheters, or what kind of catheters to provide.  (Brown Declaration, ¶66)

**Response**:  Denied.  Plaintiffs direct the Court to the Third Amended Complaint for a complete and accurate description of the claims (Dkt. 84; *see also id.* at ¶¶ 21, 93).

65.     Defendant Dr. Wright had no input into what kind of catheters to provide inmates, how many catheters to provide inmates, or how often catheters were provided to inmates.  (Brown Declaration, ¶67)

**Response**:  Denied.  Plaintiffs direct the Court to the Third Amended Complaint for a complete and accurate description of the claims (Dkt. 84; *see also id.* at ¶¶ 21, 93).

66.     Plaintiffs adduced no evidence of personal involvement by Dr. Wright showing that Dr. Wright had personal involvement in decision relating to catheters.  (Brown Declaration, ¶68)

**Response**:  Denied.  Plaintiffs direct the Court to the Third Amended Complaint for a complete and accurate description of the claims (Dkt. 84; *see also id.* at ¶¶ 21, 93).

67.     Dr. Wright had no personal involvement in decisions relating to provision of catheters to inmates.  (Brown Declaration, ¶69)

**Response**:  Denied.  Plaintiffs direct the Court to the Third Amended Complaint for a complete and accurate description of the claims (Dkt. 84; *see also id.* at ¶¶ 21, 93).

68.     Plaintiffs made no allegations against and adduced no evidence of Defendant Richard Apps personal involvement regarding the issuance of catheters.  Thus,

claims regarding catheters against Defendant Apps should be dismissed for lack of personal involvement.  (Brown Declaration, ¶71)

**Response**:  Denied.  Plaintiffs direct the Court to the Third Amended Complaint for a complete and accurate description of the claims (Dkt. 84) and deny Paragraph 68 as a legal conclusion to which no response is required.

69.    Plaintiffs made no allegations against and adduced no evidence of Defendant Frederick Bernstein personal involvement regarding the issuance of catheters. Thus, claims regarding catheters against Defendant Frederick Bernstein should be dismissed for lack of personal involvement.  (Brown Declaration, ¶72)

**Response**:  Denied.  Plaintiffs direct the Court to the Third Amended Complaint for a complete and accurate description of the claims (Dkt. 84) and deny Paragraph 69 as a legal conclusion to which no response is required.

70.    Plaintiffs made no allegations against and adduced no evidence of Defendant Glen Champagne personal involvement regarding the issuance of catheters. Thus, claims regarding catheters against Defendant Glen Champagne should be dismissed for lack of personal involvement.  (Brown Declaration, ¶73)

**Response**:  Denied.  Plaintiffs direct the Court to the Third Amended Complaint for a complete and accurate description of the claims (Dkt. 84) and deny Paragraph 70 as a legal conclusion to which no response is required.

71.    Plaintiffs made no allegations against and adduced no evidence of Defendant Lori Montroy personal involvement regarding the issuance of catheters.  Thus, claims regarding catheters against Defendant Lori Montroy should be dismissed for lack of personal involvement.  (Brown Declaration, ¶74)

**Response**: Denied.  Plaintiffs direct the Court to the Third Amended Complaint for a complete and accurate description of the claims (Dkt. 84) and deny Paragraph 71 as a legal conclusion to which no response is required.

72.     Plaintiffs made no allegations against and adduced no evidence of Defendant Habib Shiekh personal involvement regarding the issuance of catheters.  Thus, claims regarding catheters against Defendant Habib Shiekh should be dismissed for lack of personal involvement.  (Brown Declaration, ¶75)

**Response**: Denied.  Plaintiffs direct the Court to the Third Amended Complaint for a complete and accurate description of the claims (Dkt. 84) and deny Paragraph 72 as a legal conclusion to which no response is required.

73.     Plaintiffs made no allegations against and adduced no evidence of Defendant Evelyn Weissman personal involvement regarding the issuance of catheters.  Thus, claims regarding catheters against Defendant Evelyn Weissman should be dismissed for lack of personal involvement.  (Brown Declaration, ¶76)

**Response**: Denied.  Plaintiffs direct the Court to the Third Amended Complaint for a complete and accurate description of the claims (Dkt. 84) and deny Paragraph 73 as a legal conclusion to which no response is required.

74.     The only allegation against Defendant Jaymi Carter-Ritchie is that she failed to respond to a complaint by Plaintiff Allah.  Aside from failing to respond to a complaint, Plaintiffs adduced no evidence of Defendant Carter-Rithcie's personal involvement regarding the issuance of catheters.  Thus, claims regarding catheters against Defendant Evelyn Weissman should be dismissed for lack of personal involvement.  (Brown Declaration, ¶77)

**Response**:  Denied.  Plaintiffs direct the Court to the Third Amended Complaint for a complete and accurate description of the claims (Dkt. 84; *see also id.* at ¶ 92) and deny Paragraph 74 as a legal conclusion to which no response is required.

75.    The only allegation against Defendant Jaymi Carter-Ritchie is that she failed to respond to a complaint by Plaintiff Allah.  Aside from failing to respond to a complaint, Plaintiffs adduced no evidence of Defendant Carter-Rithcie's personal involvement regarding the issuance of catheters.  Thus, claims regarding catheters against Defendant Evelyn Weissman should be dismissed for lack of personal involvement.  (Brown Declaration, ¶78)

**Response**:  Denied.  Plaintiffs direct the Court to the Third Amended Complaint for a complete and accurate description of the claims (Dkt. 84; *see also id.* at ¶ 92) and deny Paragraph 75 as a legal conclusion to which no response is required.

76.    The only allegation against Defendant Daniel Weinstock is that he failed to respond to a complaint by Plaintiff Allah.  Aside from failing to respond to a complaint, Plaintiffs adduced no evidence of Defendant Daniel Weinstock's personal involvement regarding the issuance of catheters.  Thus, claims regarding catheters against Defendant Evelyn Weissman should be dismissed for lack of personal involvement.  (Brown Declaration, ¶79)

**Response**:  Denied.  Plaintiffs direct the Court to the Third Amended Complaint for a complete and accurate description of the claims (Dkt. 84; *see also id.* at ¶ 92) and deny Paragraph 76 as a legal conclusion to which no response is required.

77.    The only allegation against Defendant Lester Wright is that he failed to respond to a complaint by Plaintiff Shariff.  Aside from failing to respond to a complaint,

Plaintiffs adduced no evidence of Defendant Lester Wright's personal involvement regarding the issuance of catheters.  Thus, claims regarding catheters against Defendant Evelyn Weissman should be dismissed for lack of personal involvement.  (Brown Declaration, ¶80)

**Response**:  Denied.  Plaintiffs direct the Court to the Third Amended Complaint for a complete and accurate description of the claims (Dkt. 84; *see also id.* at ¶¶ 21, 93) and deny Paragraph 77 as a legal conclusion to which no response is required.

78.     Regardless, as explained in the expert Declaration of Dr. Gabriel Haas, attached as Exhibit C to the Brown Declaration, re-using catheters met the standard of care on the dates at issue in this action, and therefore Plaintiffs' claims should be dismissed.  (Brown Declaration, ¶81)

**Response**:  Denied.  Plaintiffs submit that re-using, single-use catheters that are improperly sized fell well-below the standard of care and direct the Court to Plaintiffs' expert report by Doctor Ezekiel Young (Dkt. 232).  Notably, Dr. Young submits that: "The well-established standard of medical practice is the one-time use and disposal of used intermittent catheters (*Id.* at p. 2)

79.     DOCCS stopped reusing catheters years ago.  (Brown Declaration, ¶82)

**Response**: Qualified admission. Plaintiffs admit DOCCS stopped reusing single-use catheters as some point in time, but lack information or knowledge sufficient to form a belief as to the truth or falsity of when DOCCS stopped reusing catheters.

80.     Defendant Richard Apps, Frederick Bernstein, Jaymi Carter-Ritchie, Glen Champagne, J. Peter Gregoire, Lori Montroy, Greg Mohring, Robin Robinson, Habib

Shiekh, Daniel Weinstock, Evelyn Weissman, and Lester Wright are all medical professionals who have no control over the erection or modification of DOCCS facilities. (Brown Declaration, ¶83)

**Response**:  Plaintiffs lack information or knowledge sufficient to form a belief as to the truth or falsity of the statements contained in paragraph 80.

81.    None of these Defendants had the authority to make or require structural changes to DOCCS facilities.  (Brown Declaration, ¶84)

**Response**:  Plaintiffs lack information or knowledge sufficient to form a belief as to the truth or falsity of the statements contained in paragraph 81.

82.    Plaintiffs adduced no evidence demonstrating that any of these Defendants had personal involvement in structural issues at DOCCS facilities.  (Brown Declaration, ¶85)

**Response**:  Qualified Admission.  Plaintiffs admit Paragraph 82 only to the extent it relates to the Defendants listed in Paragraph 80.

83.    None of these Defendants were personally involved in structural issues at DOCCS' facilities.  (Brown Declaration, ¶86)

**Response**:  Plaintiffs lack information or knowledge sufficient to form a belief as to the truth or falsity of the statements contained in paragraph 83.

84.    Further, Plaintiffs adduced no evidence that Defendants Stephen Bernardi, James Conway, Robert Cunningham, John Demars, Charles Devane, Sandra Dolce, Thomas Eagen, Gerald Elmore, Robert Ercorle, Brian Fischer, Michael Giambruno, Glenn Goord, William Keyser, Jim Lindsay, Sherry Montanari, David Napoli, John Nuttall, William Phillips, Thomas Poole, Robert Raymond, Lawrence Sears, Delores

Thornton, Maria Tirone, William Totten, Dave Unger, Lawrence Weingartner, Robert Woods, or Sheryl Zenzen (the non-medical professional Defendants") had authority or responsibility to make or require structural changes to DOCCS facilities. (Brown Declaration, ¶87)

**Response**:   Denied.  Plaintiffs direct the Court to the Third Amended Complaint for a complete and accurate description of the claims (Dkt. 84).

85.    Plaintiffs adduced no evidence that any of the non-medical professional Defendants were responsible for the design or construction of any DOCCS facility.  (Brown Declaration, ¶88)

**Response**:   Denied.  Plaintiffs direct the Court to the Third Amended Complaint for a complete and accurate description of the claims (Dkt. 84).

Dated:  Rochester, New York
        November 27, 2023

PHILLIPS LYTLE LLP


By:   */s/ David L. Cook*
     David L. Cook
     Trent J. Citarella
     Tyler J. Skretny
*Class Counsel*
28 East Main Street
Suite 1400
Rochester, New York 14614-1935
Telephone No. (585) 238-2000
dcook@phillipslytle.com
tcitarella@phillipslytle.com
tskretny@phillipslytle.com

*and*

TULLY RINCKEY PLLC

Jared Cook
*Class Counsel*
400 Linden Oaks Suite 110
Rochester, New York 14625
Telephone No. (585) 899-1408
jcook@tullylegal.com

Doc #5076354